■ Donna Burkhard, Appellant, v Sunset Cruises, Inc., et al., Respondents. [595 NYS2d 555] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Becker, J.), dated March 25, 1991, as denied her motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff and a friend were on board an evening cruise ship and the friend sat upon the ship's railing. A crew member told the friend to get off the railing and he jumped off, landing on the plaintiff and injuring her. In this action, the plaintiff asserts that her friend was intoxicated at the time of the accident, and that the defendants (the owners, lessors, and lessees of the cruise ship) are liable for her injuries by virtue of the Dram Shop Act (General Obligations Law § 11-101) and the defendants' negligence. The plaintiff now argues that her motion for summary judgment should have been granted because, as to the Dram Shop cause of action, by the defendants' admission, the plaintiff's friend was served four to six rounds of drinks during the course of the evening's cruise, and, as a matter of law, he was therefore intoxicated. We disagree. "Evidence that a person has consumed alcohol, and has the odor of alcohol on his or her breath, is not conclusive proof of intoxication * * * since the effect of alcohol 'may differ greatly from person to person' * * * In other words, a factual determination of intoxication cannot be made solely on the basis of how much alcohol a person has consumed" (Senn v Scudieri, 165 AD2d 346, 350).

We have considered the plaintiff's remaining contentions and find them to be without merit. Sullivan, J. P., Rosenblatt, Lawrence and O'Brien, JJ., concur.