In an action, inter alia, to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Phelan, J.), entered August 28, 2012, which granted the plaintiffs motion for summaxy judgment on the issue of liability.
Ordered that the order is affirmed, with costs.
To prevail on a motion for summary judgment on the issue of liability in an action alleging negligence, a plaintiff has the burden of establishing, prima facie, not only that the defendant was negligent, but that the plaintiff was free from comparative fault (see Thoma v Ronai, 82 NY2d 736, 737 [1993]; Pollack v Margolin, 84 AD3d 1341, 1342 [2011]), since there can be xnore than one proximate cause of an accident (see Pollack v Margolin, 84 AD3d at 1342). Where the movant has established his or her entitlement to judgment as a matter of law, the opposing party may defeat the motion for summary judgment by submitting sufficient evidence to raise a triable issue of fact as to the moving party’s comparative fault (see Lu Yuan Yang v Howsal Cab Corp., 106 AD3d 1055 [2013]).
In support of her motion for summary judgment on the issue of liability, the plaintiff established her prima facie entitlement to judgment as a matter of law by demonstrating that she entered the crosswalk at the subject intersection after exercising reasonable care and was walking within the crosswalk with the signal in her favor, and that the defendant driver, Lester Bartis, was negligent in failing to yield the right of way (see Moreira v M.K. Travel & Transp., Inc., 106 AD3d 965 [2013]; Buchinger v Jazz Leasing Corp., 95 AD3d 1053 [2012]; Arazashvilli v Executive Fleet Mgt., Corp., 90 AD3d 682 [2011]; Qamar v Kanarek, 82 AD3d 860 [2011]; cf. Thoma v Ronai, 82 NY2d at 737; Day v MTA Bus Co., 94 AD3d 940 [2012]). The defendants’ argument concerning the inadmissibility of the plaintiff’s English-language affidavit, which was submitted in support of the plaintiff’s motion, while correct, does not change the outcome of this appeal. The order appealed from does not indicate that the Supreme Court relied on the plaintiff’s inadmissible English-language affidavit in determinating that the plaintiff established her prima facie entitlement to judgment as a matter of law (see Reyes v Arco Wentworth Mgt. Corp., *805 83 AD3d 47 [2011]). In opposition, the defendants failed to raise a triable issue of fact as to whether the plaintiff was comparatively at fault in the happening of the accident.
Therefore, the Supreme Court properly granted the plaintiffs motion for summary judgment on the issue of liability. Skelos, J.E, Balkin, Leventhal and Sgroi, JJ., concur.