■ Priscilla Brown, Appellant, v Elizabeth Mackiewicz et al., Respondents. [992 NYS2d 314]—

In an action to recover damages for personal injuries, the

plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Baynes, J.), dated October 2, 2013, as denied her motion for summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.

"To prevail on a motion for summary judgment on the issue of liability in an action alleging negligence, a plaintiff has the burden of establishing, prima facie, not only that the defendant was negligent, but that the plaintiff was free from comparative fault, since there can be more than one proximate cause of an accident" (*Ramos v Bartis*, 112 AD3d 804, 804 [2013] [citations omitted]; *see Thoma v Ronai*, 82 NY2d 736 [1993]). "Where the movant has established his or her entitlement to judgment as a matter of law, the opposing party may defeat the motion for summary judgment by submitting sufficient evidence to raise a triable issue of fact as to the moving party's comparative fault" (*Ramos v Bartis*, 112 AD3d at 804).

The plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability by demonstrating, through her deposition testimony, that she entered the crosswalk at the subject intersection after exercising reasonable care by looking in both directions for approaching traffic, was walking within the crosswalk with the pedestrian crossing signal in her favor, and was at least half way across the street when she was struck by an ambulance operated by the defendant driver, Elizabeth Mackiewicz, who failed to yield the right of way (*see* Traffic Rules and Regs of City of NY [34 RCNY] § 4-03 [a] [1] [i]; [c] [1], [2]; *Ramos v Bartis*, 112 AD3d at 804; *Moreira v M.K. Travel & Transp., Inc.*, 106 AD3d 965, 966 [2013]; *Castro v New York City Tr. Auth.*, 95 AD3d 1056, 1057 [2012]; *Buchinger v Jazz Leasing Corp.*, 95 AD3d 1053, 1053 [2012]; *Kusz v New York City Tr. Auth.*, 88 AD3d 768 [2011]).

In opposition, the defendants failed to raise a triable issue of fact. Contrary to the defendants' contentions, Mackiewicz's deposition testimony that the ambulance was stopped at a red light for 30 to 45 seconds prior to making the left turn into the intersection does not raise a triable issue of fact as to whether the plaintiff did not exercise due care by failing to see the ambulance before she entered the crosswalk, especially since Mackiewicz testified that, while the ambulance was stopped, her view of the intersection was obstructed by mounds of snow. Moreover, the defendants did not demonstrate that any failure on the part of the plaintiff to observe their vehicle stopped at a

red light contributed to or caused the accident. The defendants also failed to demonstrate that the plaintiff was intoxicated (*see Burkhard v Sunset Cruises*, 191 AD2d 669 [1993]; *Senn v Scudieri*, 165 AD2d 346, 350 [1991]), or that intoxication contributed to or caused this accident (*see Westchester Med. Ctr. v Progressive Cas. Ins. Co.*, 51 AD3d 1014, 1018 [2008]; *Martin v City of New York*, 275 AD2d 351, 353 [2000]).

The defendants' remaining contention is without merit.

Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability. Skelos, J.P., Hall, Duffy and Barros, JJ., concur.