■ FRANCE HERLY BIEN-AIME, et al., Appellants, v ESTON G. CLARE, Respondent. [2 NYS3d 557]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Dabiri, J.), dated January 2, 2014, which denied their cross motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law and on the facts, with costs, and the plaintiffs' cross motion for summary judgment on the issue of liability is granted.

The injured plaintiff was struck by a vehicle driven by the defendant as she crossed Bedford Avenue, at its intersection with Parkside Avenue, in Brooklyn. The injured plaintiff, and her husband suing derivatively, commenced this action against the defendant to recover damages for the personal injuries she allegedly sustained. The plaintiffs subsequently cross-moved for summary judgment on the issue of liability. The Supreme Court denied the plaintiffs' cross motion.

"To prevail on a motion for summary judgment on the issue of liability in an action alleging negligence, a plaintiff has the burden of establishing, prima facie, not only that the defendant was negligent, but that the plaintiff was free from comparative fault, since there can be more than one proximate cause of an accident" (*Ramos v Bartis*, 112 AD3d 804, 804 [2013] [citations omitted]; *see Thoma v Ronai*, 82 NY2d 736, 737 [1993]). Once the movant establishes his or her entitlement to judgment as a matter of law, the burden shifts to the opposing party to submit sufficient evidence to raise a triable issue of fact as to the moving party's comparative fault (*see Ramos v Bartis*, 112 AD3d at 804; *Lu Yuan Yang v Howsal Cab Corp.*, 106 AD3d 1055, 1056 [2013]).

Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability by demonstrating that the defendant negligently failed to yield the right-of-way to the injured plaintiff, and that the injured plaintiff was free from comparative fault (*see* Traffic Rules and Regs of City of NY [34 RCNY] § 4-03 [a] [1] [i]; [c] [1], [2]; *Ramos v Bartis*, 112 AD3d at 804; *Castro v New York City Tr. Auth.*, 95 AD3d 1056, 1057 [2012]; *Qamar v Kanarek*, 82 AD3d 860, 861 [2011]). In support of their motion, the plaintiffs submitted the transcript of the injured plaintiff's deposition, during which she testified that she stopped at the intersection, observed traffic and the pedestrian "WALK" signal in her favor before entering the street, and crossed Bedford Avenue within

the crosswalk while the pedestrian crossing signal remained in her favor. She also testified that she was more than halfway across the street, closer to the other side and still within the crosswalk, when she was struck on the right side by the defendant's vehicle as it turned left into the intersection, causing her to fall to the ground. This testimony demonstrated that the injured plaintiff entered the intersection after exercising due care (*see Brown v Mackiewicz*, 120 AD3d 1172 [2014]). The plaintiffs additionally submitted the transcript of the defendant's deposition testimony. The defendant testified that he did not remember looking for pedestrians when he was stopped on Parkside Avenue before making the left turn onto Bedford Avenue, he did not see the injured plaintiff until he saw her on top of his vehicle's hood even though there was nothing obstructing his view of the roadway, and, after the impact, the injured plaintiff slid off the front of his vehicle to the ground. Although the defendant later testified that the injured plaintiff was not within the crosswalk at the time of impact, this claim was speculative in view of his admission that he did not see the injured plaintiff until the impact had already occurred (*see Ducie v Ippolito*, 95 AD3d 1067, 1068 [2012]; *Czarnecki v Corso*, 81 AD3d 774, 775 [2011]).

In opposition, the defendant failed to raise a triable issue of fact as to whether the injured plaintiff was comparatively at fault in the happening of the accident (*see Berrios-Lemus v Village of Spring Val.*, 122 AD3d 650, 651 [2014]; *Ramos v Bartis*, 112 AD3d at 805).

Accordingly, the Supreme Court should have granted the plaintiffs' cross motion for summary judgment on the issue of liability. Mastro, J.P., Austin, Maltese and Barros, JJ., concur.