■ Jimmy Zhu, Appellant, v Anthony Natale et al., Respondents. [15 NYS3d 204]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Walker, J.), dated December 12, 2014, which denied his motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.

On October 1, 2013, the plaintiff was walking in a crosswalk on the south side of the intersection of 17th Avenue and 84th Street in Brooklyn, when an ambulance maintained and controlled by the defendant Richmond County Ambulance Services and operated by the defendant Anthony Natale, allegedly struck him in the crosswalk as it made a left turn from 84th Street onto 17th Avenue.

In a personal injury action, to prevail on a motion for summary judgment on the issue of liability, a plaintiff has the burden of establishing, prima facie, not only that the defendant was negligent, but that the plaintiff was free from comparative fault (*see Thoma v Ronai*, 82 NY2d 736, 737 [1993]; *Gorenkoff v Nagar*, 120 AD3d 470, 470 [2014]), since there can be more than one proximate cause of an accident (*see Lanigan v Timmes*, 111 AD3d 797, 798 [2013]; *Pollack v Margolin*, 84 AD3d 1341, 1342 [2011]). Where a plaintiff has established his or her prima facie entitlement to judgment as a matter of law, the opposing party may defeat the motion by submitting sufficient evidence to raise a triable issue of fact as to the plaintiff's comparative fault (*see Lu Yuan Yang v Howsal Cab Corp.*, 106 AD3d 1055 [2013]; *Sirot v Troiano*, 66 AD3d 763, 764 [2009]).

The plaintiff established his prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that, before entering the crosswalk at the southwest corner of 84th Street and 17th Avenue and during the course of crossing the street, he looked both ways for oncoming vehicles and that, as he was crossing 17th Avenue within the crosswalk, with the pedestrian control and traffic control devices in his favor, Natale failed to yield the right-of-way to him (*see Kusz v New York City Tr. Auth.*, 88 AD3d 768 [2011]; *Martinez v Kreychmar*, 84 AD3d 1037, 1038 [2011]; *Lariviere v New York City Tr. Auth.*, 82 AD3d 1165, 1166 [2011]; *Qamar v Kanarek*, 82 AD3d 860, 861 [2011]; *Klee v Americas Best Bottling Co., Inc.*, 60 AD3d 911 [2009]). The evidence submitted by the plaintiff demonstrated that Natale violated Vehicle and Traffic Law § 1111 (a) (1) and that the plaintiff was not at comparative fault in the happening of the accident. In opposition, the defendants submitted Natale's affidavit, which contradicted his earlier deposition testimony, and merely raised what appear to be feigned issues of fact designed to avoid the consequences of his earlier deposition testimony. Thus, the affidavit failed to raise a triable issue of fact and was insufficient to defeat the plaintiff's motion (*see Viviano v KeyCorp*, 128 AD3d 811 [2015]; *Bardales v VAM Realty Corp.*, 124 AD3d 707 [2015]; *Bluth v Bias Yaakov Academy for Girls*, 123 AD3d 866 [2014]; *Rivera v J. Nazzaro Partnership, L.P.*, 122 AD3d 826 [2014]; *Capasso v Capasso*, 84 AD3d 997, 998 [2011]).

Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability. Mastro, J.P., Leventhal, Roman and Miller, JJ., concur.