■ ANA GOMEZ, Respondent, v MICHAEL J. NOVAK et al., Appellants. [32 NYS3d 623]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Connolly, J.), dated June 15, 2015, as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff pedestrian was crossing Prospect Street in Yonkers when she was struck by a bus making a left turn onto Prospect Street from South Broadway. The bus was owned by the defendants Westchester County Department of Transportation and County of Westchester and operated by the defendant Michael J. Novak who, at the time, was employed by the defendant Liberty Lines Transit, Inc. (hereinafter collectively the defendants). The plaintiff commenced this action to recover damages for personal injuries and subsequently moved for summary judgment on the issue of liability and for leave to amend her bill of particulars. The Supreme Court granted the plaintiff's motion in its entirety, and the defendants appeal from so much of the order as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.

In support of that branch of her motion which was for summary judgment on the issue of liability, the plaintiff demonstrated that she was walking within a crosswalk, with the pedestrian signal in her favor, when the defendants' bus failed to yield the right-of-way and struck her. The plaintiff further demonstrated that, exercising due care, she had looked in all directions to check for approaching vehicles before she entered the intersection. Contrary to the defendants' contention, this evidence was sufficient to establish the plaintiff's prima facie entitlement to judgment as a matter of law on the issue of li-

ability, including her freedom from comparative fault (*see Moreira v M.K. Travel & Transp., Inc.*, 106 AD3d 965 [2013]; *Ricci v Lo*, 95 AD3d 859 [2012]; *Kusz v New York City Tr. Auth.*, 88 AD3d 768 [2011]; *Martinez v Kreychmar*, 84 AD3d 1037, 1038 [2011]; *Klee v Americas Best Bottling Co., Inc.*, 60 AD3d 911 [2009]). In opposition, the defendants failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability. Balkin, J.P., Hall, Miller and LaSalle, JJ., concur.