◼ JUAN LEZCANO-CORREA et al., Respondents, v SUNNY'S LIMOUSINE SERVICE, INC., et al., Appellants. [43 NYS3d 129]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Queens County (Gavrin, J.), entered December 16, 2015, which granted the plaintiffs' motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiffs' motion for summary judgment on the issue of liability is denied.

On November 6, 2013, at about 5:00 a.m., the injured plaintiff allegedly was crossing the street at the intersection of Blossom Avenue and College Point Boulevard in Queens when he was struck by a vehicle owned by the defendant Sunny's Limousine Service, Inc., and operated by the defendant Jian Zhong Liu. The injured plaintiff, and his wife, suing derivatively, commenced this action to recover damages for personal injuries, and subsequently moved for summary judgment on the issue of liability. The Supreme Court granted the plaintiffs' motion, and the defendants appeal.

"To prevail on a motion for summary judgment on the issue of liability in an action alleging negligence, a plaintiff has the burden of establishing, prima facie, not only that the defendant was negligent, but that the plaintiff was free from comparative fault, since there can be more than one proximate cause of an accident" (*Ramos v Bartis*, 112 AD3d 804, 804 [2013] [citations omitted]; *see Thoma v Ronai*, 82 NY2d 736, 737 [1993]; *Lesaldo v Dabas*, 140 AD3d 708, 709 [2016]). "Where a plaintiff has established his or her prima facie entitlement to judgment as a matter of law, the opposing party may defeat the motion by submitting sufficient evidence to raise a triable issue of fact as to the plaintiff's comparative fault" (*Zhu v Natale*, 131 AD3d 607, 608 [2015]; *see Brown v Mackiewicz*, 120 AD3d 1172, 1173 [2014]).

In support of their motion for summary judgment on the issue of liability, the plaintiffs submitted evidence demonstrating that the injured plaintiff was crossing Blossom Avenue within the crosswalk, with the pedestrian control and traffic control devices in his favor, and he was struck by the front left corner of the defendants' vehicle when he was almost halfway across the intersection. The plaintiffs' submissions further demonstrated that the injured plaintiff looked both ways for oncoming vehicles before entering the crosswalk and while crossing, and never saw any approaching vehicles. Additionally, these submissions demonstrated that the defendant driver was slowing down for a red light at the intersection but he did not see anyone prior to the impact. Under these circumstances, the plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability, including their freedom from comparative fault (*see Gomez v Novak*, 140 AD3d 831, 831-832 [2016]; *Lesaldo v Dabas*, 140 AD3d at 709; *Zhu v Natale*, 131 AD3d at 608; *Brown v Mackiewicz*, 120 AD3d at 1173; *see also Qamar v Kanarek*, 82 AD3d 860, 861 [2011]). Contrary to the defendants' contention, that portion of the uncertified police accident report which contained the defendant driver's admission was admissible (*see Lesaldo v Dabas*, 140 AD3d at 709; *Gezelter v Pecora*, 129 AD3d 1021, 1022-1023 [2015]).

In opposition, however, the defendants raised a triable issue of fact. The defendant driver averred that, as he approached the red light, he was traveling at a speed of approximately two miles per hour when he heard a sound against the outside of his vehicle. Further, when he stopped and exited his vehicle, he saw that the front of the vehicle had not yet entered the crosswalk. Thus, the defendants raised a triable issue of fact, inter alia, as to whether the injured plaintiff was outside the crosswalk when the accident occurred (*see Mudgil v Metropolitan Suburban Bus Auth.*, 130 AD3d 992 [2015]: *cf. Lesaldo v Dabas*, 140 AD3d at 709-710).

Accordingly, the plaintiffs' motion for summary judgment on the issue of liability should have been denied. Hall, J.P., Sgroi, Maltese and Duffy, JJ., concur.