■ IGOR ZHUBRAK et al., Respondents, v DANIELLE PETRO, Appellant. [48 NYS3d 704]—

In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Richmond County (Minardo, J.) dated April 14, 2016, as granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability and denied her application to conduct further discovery.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiffs' motion which was for summary judgment on the issue of liability, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant.

On September 17, 2006, the plaintiff Igor Zhubrak (hereinafter the injured plaintiff) allegedly was injured when the vehicle he was operating on Wilson Avenue at or near its intersection with Van Brunt Street in Staten Island came into contact with a vehicle operated by the defendant on Van Brunt Street. At the subject intersection, a stop sign controlled the traffic proceeding on Van Brunt Street; there was no stop sign controlling the traffic on Wilson Avenue. During the liability phase of the bifurcated trial, the defendant testified that she stopped at the stop sign and proceeded into the intersection, whereupon she collided with the injured plaintiff's car. The jury found that the defendant did not operate her vehicle in a negligent manner. The plaintiffs moved, inter alia, to set aside the jury verdict in favor of the defendant on the issue of liability as contrary to the weight of the evidence and for a new trial. In a prior order, the Supreme Court granted that branch of the motion and directed a new trial on the issue of liability (*see Zhubrak v Petro*, 122 AD3d 922 [2014]). The defendant appealed and this Court affirmed, concluding that "a fair interpretation of the evidence [at trial] does not support the jury's finding that the defendant was not negligent" (*id.* at 923).

Subsequently, the plaintiffs moved, inter alia, to restore the case to the trial calendar and for summary judgment on the issue of liability based on this Court's decision and order on the

prior appeal. This motion was supported only by their attorney's affirmation and a copy of this Court's decision and order. The plaintiffs argued that, on the prior appeal, this Court "ruled that" the defendant's actions at the time of the accident violated Vehicle and Traffic Law §§ 1142 (a) and 1172 (a), which constituted negligence as a matter of law. Thus, they argued, the defendant's negligence was determined as a matter of law and is now the law of the case.

As pertinent to this appeal, the Supreme Court granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability, directed that the case proceed to trial on the issue of threshold and damages only, and denied the defendant's application to conduct further discovery. The court's order was based on "the decision of [this Court on the prior appeal], and the motion of plaintiff." We reverse.

Contrary to the Supreme Court's determination, the question decided by this Court on the prior appeal was whether the jury's verdict on the issue of liability was contrary to the weight of the evidence (see generally Lolik v Big V Supermarkets, 86 NY2d 744 [1995]), and this Court never made a determination as to liability as a matter of law. To the contrary, this Court affirmed the determination that a new trial on the issue of liability was warranted (see Zhubrak v Petro, 122 AD3d at 922-923). In addition to being inconsistent with this Court's decision on the prior appeal, the plaintiffs' motion was unsupported by any admissible evidence pertinent to the issue of the defendant's liability in the happening of the accident. Under these circumstances, the motion was procedurally defective (see CPLR 3212 [b]) and, in any event, the plaintiffs failed to meet their "burden of establishing, prima facie, not only that the defendant was negligent, but that [they were] free from comparative fault" (Ramos v Bartis, 112 AD3d 804, 804 [2013]; see France Herly Bien-Aime v Clare, 124 AD3d 814, 814 [2015]; Brown v Mackiewicz, 120 AD3d 1172, 1173 [2014]). Accordingly, the Supreme Court should have denied the plaintiffs' motion.

The defendant's contention that the Supreme Court improvidently exercised its discretion in denying her application to conduct further discovery is without merit (see generally CPLR 3101 [a] [1]; D'Alessandro v Nassau Health Care Corp., 137 AD3d 1195, 1196-1197 [2016]). Mastro, J.P., Chambers, Maltese and Duffy, JJ., concur.