■ VEVELINE HOLLIS, as Administratrix of the Estate of OL-LIE MAE ERVIN, Deceased, Appellant, v WILLIAM L. MARINELLI et al., Respondents. [52 NYS3d 444]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (DiBella, J.), dated September 8, 2015, which denied her motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.

"To prevail on a motion for summary judgment on the issue of liability in an action alleging negligence, a plaintiff has the burden of establishing, prima facie, not only that the defendant was negligent, but that the plaintiff was free from comparative fault, since there can be more than one proximate cause of an accident" (*Ramos v Bartis*, 112 AD3d 804, 804 [2013] [citations omitted]; see *Thoma v Ronai*, 82 NY2d 736, 737 [1993]; *Lezcano-Correa v Sunny's Limousine Serv., Inc.*, 145 AD3d 766 [2016]; *Gomez v Novak*, 140 AD3d 831, 831-832 [2016]). Where

the plaintiff has established her or his prima facie entitlement to judgment as a matter of law, the opposing party may defeat the motion by submitting sufficient evidence to raise a triable issue of fact as to the plaintiff's comparative fault (*see Zhu v Natale*, 131 AD3d 607, 608 [2015]; *Brown v Mackiewicz*, 120 AD3d 1172 [2014]; *Ramos v Bartis*, 112 AD3d at 804).

Here, the evidence submitted by the plaintiff in support of her motion for summary judgment on the issue of liability, which included, among other things, a digital video disc containing footage of the accident, demonstrated, prima facie, that the defendant driver was negligent in failing to yield the right-of-way to the plaintiff's decedent, who was crossing the street within a crosswalk with the traffic light in her favor when she was struck by the defendants' vehicle as it attempted to make a left turn, and that the plaintiff's decedent was free from comparative fault (*see Lezcano-Correa v Sunny's Limousine Serv., Inc.*, 145 AD3d 766 [2016]; *Gomez v Novak*, 140 AD3d at 831-832; *Lesaldo v Dabas*, 140 AD3d 708, 709 [2016]; *cf. Castiglione v Kruse*, 27 NY3d 1018 [2016]). In opposition, the defendants failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability. Rivera, J.P., Hall, Roman and Brathwaite Nelson, JJ., concur.