■ CHRISTOPHER HARTH, Appellant, v ROBERTH W. REYES et al., Respondents. [59 NYS3d 48]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Toussaint, J.), dated November 9, 2016, which denied his motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.

On the morning of July 23, 2015, the plaintiff, who was riding a bicycle, was involved in a collision with a vehicle owned by the defendant Corina Transportation and operated by the defendant Robert W. Reyes, incorrectly named herein as Roberth W. Reyes, at the intersection of Wythe Avenue and North 6th Street in Brooklyn. The plaintiff subsequently commenced this action to recover damages for personal injuries. After depositions were conducted, the plaintiff moved for summary judgment on the issue of liability. The Supreme Court denied the motion, and the plaintiff appeals.

"To prevail on a motion for summary judgment on the issue of liability, a plaintiff must establish, prima facie, not only that the opposing party was negligent, but also that the plaintiff was free from comparative fault" (*Phillip v D&D Carting Co., Inc.*, 136 AD3d 18, 22 [2015]; *see Ricciardi v Nelson*, 142 AD3d 492 [2016]; *Bowen v Farrell*, 140 AD3d 1001 [2016]; *Roberts v Zirkind*, 140 AD3d 940 [2016]). Thus, "a plaintiff has a twofold burden that trial courts must bear in mind when determining motions for summary judgment, because more than one actor may be a proximate cause of a single accident" (*Phillip v D&D Carting Co., Inc.*, 136 AD3d at 23; *see Adobea v Junel*, 114 AD3d 818 [2014]; *Ramos v Bartis*, 112 AD3d 804 [2013]; *Allen*

v Echols, 88 AD3d 926, 927 [2011]). The issue of comparative fault is generally a question for the jury to decide (see Rodriguez v Klein, 116 AD3d 939 [2014]; Regans v Baratta, 106 AD3d 893 [2013]; Shui-Kwan Lui v Serrone, 103 AD3d 620 [2013]). Where the movant has established his or her prima facie entitlement to judgment as a matter of law, the opposing party may defeat the motion for summary judgment by submitting sufficient evidence to raise a triable issue of fact as to the moving party's comparative fault (see Brown v Mackiewicz, 120 AD3d 1172 [2014]; Ramos v Bartis, 112 AD3d at 804; Lu Yuan Yang v Howsal Cab Corp., 106 AD3d 1055 [2013]).

Here, the evidence submitted on the plaintiff's motion, which included the deposition transcripts of the plaintiff and Reyes, demonstrated, prima facie, that Reyes was negligent as a matter of law because he violated Vehicle and Traffic Law § 1163 (a) (see Velez v Mandato, 129 AD3d 945 [2015]; Sirlin v Schreib, 117 AD3d 819 [2014]). The deposition testimony showed that Reyes struck the rear of the plaintiff's bicycle while making a right turn from Wythe Avenue onto North 6th Street. The plaintiff was in the bicycle lane and ahead of the defendants' vehicle when the accident occurred. This evidence demonstrated that Reyes failed to yield the right-of-way to the plaintiff, that the turn could not be made with reasonable safety, and that Reyes failed to see that which he should have seen. The evidence submitted in support of the motion also demonstrated that Reyes's negligence was the sole proximate cause of the subject accident, without any comparative negligence on the plaintiff's part. In opposition, the defendants failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgement on the issue of liability. Eng, P.J., Leventhal, Austin and Cohen, JJ., concur.