In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Baynes, J.), dated June 30, 2016, which granted the plaintiff’s motion for summary judgment on the issue of liability.
 

 Ordered that the order is reversed, on the law, with costs, and the plaintiffs motion for summary judgment on the issue of liability is denied.
 

 The plaintiff alleges that he sustained personal injuries when he was struck by the defendants’ vehicle as he was crossing West 12th Street in Brooklyn. The plaintiff commenced this personal injury action against the defendants. The plaintiff moved for summary judgment on the issue of liability, contending that the defendant driver’s negligence was the sole proximate cause of the accident. The Supreme Court granted the motion, and the defendants appeal.
 

 “To prevail on a motion for summary judgment on the issue of liability in an action alleging negligence, a plaintiff has the burden of establishing, prima facie, not only that the defendant was negligent, but that the plaintiff was free from comparative fault, since there can be more than one proximate cause of an accident” (Ramos v Bartis, 112 AD3d 804, 804 [2013] [citations omitted]; see Thoma v Ronai, 82 NY2d 736, 737 [1993]; Hollis v Marinelli, 149 AD3d 922 [2017]; Lezcano-Correa v Sunny’s Limousine Serv., Inc., 145 AD3d 766 [2016]). Where the movant has established his or her entitlement to judgment as a matter of law, the opposing party may defeat the motion for summary judgment by submitting sufficient evidence to raise a triable issue of fact as to the movant’s comparative fault (see Zhu v Natale, 131 AD3d 607, 608 [2015]; Brown v Mackiewicz, 120 AD3d 1172 [2014]; Ramos v Bartis, 112 AD3d at 804).
 

 The plaintiff established his prima facie entitlement to summary judgment on the issue of liability by submitting evidence demonstrating that he looked both ways before entering a marked crosswalk with the traffic light in his favor, that he was not comparatively at fault in the happening of the accident, and that the defendant driver’s failure to yield the right-of-way to him was the sole proximate cause of the accident (see Dunajski v Kirillov, 148 AD3d 991, 992 [2017]; Lezcano-Correa v Sunny’s Limousine Serv., Inc., 145 AD3d at 767; Gomez v Novak, 140 AD3d 831, 831-832 [2016]).
 

 In opposition, however, the defendants submitted the affidavit of the defendant driver, which raised a triable issue of fact. Contrary to the plaintiff’s contention, in determining the motion, the Supreme Court should have considered the defendant driver’s affidavit “notwithstanding that it was subscribed and sworn to out of state and not accompanied by a certificate of conformity as required by CPLR 2309 (c), as such a defect is not fatal, and no substantial right of the [plaintiff] was prejudiced by disregarding the defect” (Bank of N.Y. Mellon v Vytalingam, 144 AD3d 1070, 1071 [2016]; see CPLR 2001; Deutsche Bank Natl. Trust Co. v Naughton, 137 AD3d 1199, 1200 [2016]; Matos v Salem Truck Leasing, 105 AD3d 916, 917 [2013]). In his affidavit, the defendant driver provided an account of the incident which contradicted the plaintiff’s account of the incident. The defendant driver averred that the traffic light was in his favor as his vehicle approached and crossed the subject crosswalk. He also averred that when he first saw the plaintiff, the plaintiff was running across the street, approximately 50 to 60 feet away from the crosswalk, and that he could not stop his vehicle in time to avoid the contact. Thus, the defendants raised a triable issue of fact as to whether the plaintiff was comparatively at fault in the happening of the accident (see Vehicle and Traffic Law § 1152 [a]; Goulet v Anastasio, 148 AD3d 783 [2017]; Galo v Cunningham, 106 AD3d 865, 866 [2013]).
 

 Accordingly, the Supreme Court should have denied the plaintiff’s motion for summary judgment on the issue of liability.
 

 Mastro, J.P., Hall, Austin and Sgroi, JJ., concur.