Matyas v New York City Dept. of Sanitation (2018 NY Slip Op 01600)





Matyas v New York City Dept. of Sanitation


2018 NY Slip Op 01600


Decided on March 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2017-00872
 (Index No. 2384/15)

[*1]Ernest Matyas, appellant, 
v
New York City Department of Sanitation, et al., respondents.


Isaac Tessler, New York, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Claude S. Platton and Tahirih M. Sadrieh of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Jimenez-Salta, J.), dated October 28, 2016, which denied his motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
The plaintiff alleged that he sustained personal injuries when he was struck by a New York City Department of Sanitation truck driven by the defendant Joseph Peter Lopez as he was crossing 50th Street at its intersection with 13th Avenue in Brooklyn. After commencing this personal injury action against the defendants, the plaintiff moved for summary judgment on the issue of liability, contending that Lopez's negligence was the sole proximate cause of the accident. The Supreme Court denied the motion, and the plaintiff appeals.
To prevail on a motion for summary judgment on the issue of liability in an action alleging negligence, a plaintiff has the burden of establishing, prima facie, not only that the defendant was negligent, but that the plaintiff was free from comparative fault, since there can be more than one proximate cause of an accident (see Voskoboinyk v Trebisovsky, 154 AD3d 997; Harth v Reyes, 151 AD3d 1031; Phillip v D & D Carting Co., Inc., 136 AD3d 18, 22). Where the movant has established his or her entitlement to judgment as a matter of law, the opposing party may defeat the motion by submitting sufficient evidence to raise a triable issue of fact as to the movant's comparative fault (see Harth v Reyes, 151 AD3d at 1032; Zhu v Natale, 131 AD3d 607, 608; Brown v Mackiewicz, 120 AD3d 1172, 1173).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability by submitting evidence indicating that he looked both ways before entering a marked crosswalk with the traffic light in his favor, that he was not comparatively at fault in the happening of the accident, and that Lopez's failure to yield the right-of-way to him was the sole proximate cause of the accident (see Voskoboinyk v Trebisovsky, 154 AD3d at 998; Gomez v Novak, 140 AD3d 831, 831-832; Zhu v Natale, 131 AD3d at 608; Brown v Mackiewicz, 120 AD3d [*2]at 1173; Qamar v Kanarek, 82 AD3d 860, 861). In opposition, however, the defendants raised a triable issue of fact as to whether the plaintiff was comparatively at fault in the happening of the accident by failing to exercise due care in crossing the street at a point other than a crosswalk (see Voskoboinyk v Trebisovsky, 154 AD3d at 998; Sanclemente v MTA Bus Co., 116 AD3d 688, 689; Billingy v Blagrove, 84 AD3d 848, 849).
Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability.
MASTRO, J.P., COHEN, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court