Yong Dong Liu v Lowe (2019 NY Slip Op 04753)





Yong Dong Liu v Lowe


2019 NY Slip Op 04753


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-05748
 (Index No. 702953/17)

[*1]Yong Dong Liu, appellant, 
v
Michael Lowe, et al., respondents.


Caesar and Napoli, P.C., New York, NY (Kelsey M. Crowley and Robert Stein of counsel), for appellant.
Pillinger Miller Tarallo, LLP, Elmsford, NY (John A. Risi and Patrice Coleman of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered April 13, 2018. The order denied the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.
On May 12, 2015, at approximately 11:30 p.m., a bus operated by the plaintiff was stopped within the berm of a highway when it was struck in the rear by the defendants' tractor trailer. The plaintiff subsequently commenced this personal injury action against the defendants. Before any depositions were taken, the plaintiff moved for summary judgment on the issue of liability. The Supreme Court denied the motion. The plaintiff appeals.
A plaintiff is no longer required to show freedom from comparative fault in order to establish her or his prima facie entitlement to judgment as a matter of law on the issue of liability (see Rodriguez v City of New York, 31 NY3d 312; Buchanan v Keller, 169 AD3d 989; Merino v Tessel, 166 AD3d 760). A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see Tutrani v County of Suffolk, 10 NY3d 906, 908; Grant v Carrasco, 165 AD3d 631; Lopez v Dobbins, 164 AD3d 776, 777).
Here, in support of his motion, the plaintiff submitted an affidavit that established, prima facie, that the defendant driver was negligent when his tractor trailer struck the rear of the plaintiff's stopped vehicle (see Motta v Gomez, 161 AD3d 725, 726; O'Rourke v Carucci, 117 AD3d 1015). The plaintiff averred that a few hours prior to the accident, the bus he was operating became disabled. He then parked the bus completely within a berm and placed emergency reflective tripods on the roadway behind his bus. He was waiting for a tow truck when the defendants' vehicle struck the rear of the bus without any warning. In addition, the plaintiff submitted a copy of the police accident report, which contained the defendant driver's admission that he had been tired and must [*2]have fallen asleep behind the wheel. "[A] showing that a defendant fell asleep while driving raises a rebuttable presumption of negligence" (Spivak v Heyward, 248 AD2d 58, 60). Contrary to the defendants' contention, the portion of the police accident report that contained the defendant driver's admission was admissible (see Kraynova v Lowy, 166 AD3d 600, 602; Mastricova v Ruderman, 164 AD3d 1435, 1436; Lezcano-Correa v Sunny's Limousine Serv., Inc., 145 AD3d 766, 767; Scott v Kass, 48 AD3d 785).
In opposition, the defendants failed to raise a triable issue of fact. Counsel's affirmation, standing alone, was insufficient to raise a triable issue of fact (see CPLR 3212[b]; Roche v Hearst Corp., 53 NY2d 767, 769; Lazarre v Gragston, 164 AD3d 574, 575; Bentick v Gatachalian, 147 AD3d 890, 892).
Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability.
RIVERA, J.P., COHEN, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court