Maliakel v Morio (2020 NY Slip Op 04298)





Maliakel v Morio


2020 NY Slip Op 04298


Decided on July 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2019-06719
 (Index No. 151997/18)

[*1]Jaison Maliakel, appellant, 
v
Joseph Morio, respondent.


Erik Ikhilov, Brooklyn, NY, for appellant.
Morris Duffy Alonso & Faley, New York, NY (Sarah L. Linder, Iryna S. Krauchanka, and Andrea M. Alonso of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Kim Dollard, J.), dated May 10, 2019. The order denied the plaintiff's motion for summary judgment on the issue of liability and dismissing the eighth and eleventh affirmative defenses, with leave to renew upon the completion of depositions.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability and dismissing the eighth and eleventh affirmative defenses is granted.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained on May 7, 2018, when he was struck by the defendant's vehicle in Richmond County. After joinder of issue, but prior to the completion of discovery, the plaintiff moved for summary judgment on the issue of liability and dismissing the eighth and eleventh affirmative defenses, alleging comparative negligence. The Supreme Court denied the motion, with leave to renew upon the completion of depositions. The plaintiff appeals.
To be entitled to summary judgment on the issue of a defendant's liability, a plaintiff does not bear the burden of establishing the absence of his or her own comparative negligence (see Rodriguez v City of New York, 31 NY3d 312, 324-325; Odetalla v Rodriguez, 165 AD3d 826). Although a plaintiff is not required to establish his or her freedom from comparative negligence to be entitled to summary judgment on the issue of liability, the issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where, as here, the plaintiff seeks summary judgment dismissing an affirmative defense alleging comparative negligence (see Wray v Galella, 172 AD3d 1446, 1447; Poon v Nisanov, 162 AD3d 804, 808).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability by submitting his own affidavit, which demonstrated that he was walking within a crosswalk, with the pedestrian signal in his favor, when the defendant failed to yield the right-of-way and struck him (see Rodriguez-Garcia v Bobby's Bus Co., Inc., 175 AD3d 631; Wray v Galella, 172 AD3d at 1448; Lazarre v Gragston, 164 AD3d 574, 575). The plaintiff's affidavit was also sufficient to establish, prima facie, that he was not at fault in the happening of the accident, [*2]as it demonstrated that he exercised due care by confirming that he had the pedestrian signal in his favor and by looking for oncoming traffic in all directions before entering the crosswalk, and that the collision occurred so suddenly that he could not avoid it (see Wray v Galella, 172 AD3d at 1448; Dunajski v Kirillov, 148 AD3d 991, 992; Gomez v Novak, 140 AD3d 831). In opposition, the defendant, who did not submit his own affidavit or an affidavit from a person with personal knowledge of the facts, failed to raise a triable issue of fact.
Furthermore, the plaintiff's motion was not premature, as the defendant failed to offer an evidentiary basis to suggest that discovery may lead to relevant evidence, or that facts essential to opposing the motion were exclusively in the plaintiff's knowledge and control (see Rodriguez-Garcia v Bobby's Bus Co., Inc., 175 AD3d 631; Lazarre v Gragston, 164 AD3d at 575; Niyazov v Hunter EMS, Inc., 154 AD3d 954, 955; Kimyagarov v Nixon Taxi Corp., 45 AD3d 736, 737).
Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability and dismissing the eighth and eleventh affirmative defenses.
CHAMBERS, J.P., COHEN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court