Jordon v Chan (2023 NY Slip Op 01281)

Jordon v Chan

2023 NY Slip Op 01281

Decided on March 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2020-09703
 (Index No. 151447/18)

[*1]Karesha Jordon, appellant,
v
Jonathan C. Chan, et al., respondents, et al., defendant.

Pinkhasov & Associates, PLLC, New York, NY (Daniel Pinkhasov and Paul J. Felicione of counsel), for appellant.
Hagelin Spencer, LLC, Garden City, NY (Louis T. Cornacchia III of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Wayne M. Ozzi, J.), dated November 18, 2020. The order granted the motion of the defendants Jonathan C. Chan and Juicy Treat, Inc., for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, and denied as academic the plaintiff's cross-motion for summary judgment on the issue of liability.
ORDERED that the order is reversed, on the law, with costs, the motion of the defendants Jonathan C. Chan and Juicy Treat, Inc., for summary judgment dismissing the complaint insofar as asserted against them is denied, and the plaintiff's cross-motion for summary judgment on the issue of liability is granted.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained when she was struck by a vehicle operated by the defendant Jonathan C. Chan and owned by the defendants Juicy Treat, Inc., and/or Edible Arrangements. The plaintiff was in the crosswalk attempting to cross a street when the vehicle made a left turn and struck her.
Chan and Juicy Treat, Inc. (hereinafter together the defendants), moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The plaintiff cross-moved for summary judgment on the issue of liability. In an order dated November 18, 2020, the Supreme Court granted the defendants' motion and denied the plaintiff's cross-motion as academic. The plaintiff appeals.
The defendants failed to meet their prima facie burden of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants' submissions failed to eliminate triable issues of fact regarding the plaintiff's [*2]claims, set forth in the bill of particulars, that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Che Hong Kim v Kossoff, 90 AD3d 969; Rouach v Betts, 71 AD3d 977).
Additionally, the papers submitted by the defendants failed to address the plaintiff's claims, set forth in the bill of particulars, that the injuries to her right hip and the cervical and lumbar regions of her spine were exacerbated by the subject accident (see D'Augustino v Bryan Auto Parts, Inc., 152 AD3d 648, 650; Sanclemente v MTA Bus Co., 116 AD3d 688, 689).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Supreme Court denied, as academic, the plaintiff's cross-motion for summary judgment on the issue of liability. Since the merits of the cross-motion were litigated by the parties in the Supreme Court and briefed by the parties in this Court, we address the motion in the interest of judicial economy (see Xin Fang Xia v Saft, 177 AD3d 823, 825; Buchanan v Keller, 169 AD3d 989, 991).
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034). "To be entitled to summary judgment on the issue of a defendant's liability, a plaintiff does not bear the burden of establishing the absence of his or her own comparative negligence" (Maliakel v Morio, 185 AD3d 1018, 1019; see Rodriguez v City of New York, 31 NY3d 312, 324-325).
Contrary to the defendants' contention, the plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability through the submission of her affidavit, which demonstrated that she was walking within a crosswalk, with a pedestrian signal in her favor, when the defendants' vehicle failed to yield the right-of-way and struck her (see Maliakel v Morio, 185 AD3d at 1019; Hai Ying Xiao v Martinez, 185 AD3d 1014).
In opposition, the defendants failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562). Contrary to their contention, Chan's deposition testimony that the plaintiff stopped and made eye contact with him was insufficient to raise a triable issue as to whether any negligence on the part of the plaintiff was the sole proximate cause of the accident.
Accordingly, the Supreme Court should have granted the plaintiff's cross-motion for summary judgment on the issue of liability.
BRATHWAITE NELSON, J.P., MALTESE, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court