Batista v Alvarez (2024 NY Slip Op 01529)

Batista v Alvarez

2024 NY Slip Op 01529

Decided on March 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2022-07082
 (Index No. 503211/21)

[*1]Aaron Batista, respondent, 
v
Rayston Alvarez, et al., appellants.

Russo & Gould, LLP, New York, NY (Patrice Coleman and David Gould of counsel), for appellants.
Blumen & Shayne, LLP (Law Office of Arnold E. DiJoseph, P.C., New York, NY [Arnold E. DiJoseph III], of counsel) for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated July 22, 2022. The order granted the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence.
ORDERED that the order is affirmed, with costs.
The plaintiff, a pedestrian, allegedly was injured when he was struck by a vehicle operated by the defendant Rayston Alvarez (hereinafter the defendant driver) and owned by the defendant Voice Data Security, Inc. Thereafter, the plaintiff commenced this action against the defendants to recover damages for personal injuries. Prior to the completion of discovery, the plaintiff moved for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence. The defendants opposed the motion on the ground that, inter alia, a video of the incident existed and was not provided to them. In reply, the plaintiff submitted the video of the incident. In an order dated July 22, 2022, the Supreme Court granted the plaintiff's motion. With respect to the video submitted in reply, the court noted that, during oral argument, it had obtained the parties' consent to view the video to determine the motion. The defendants appeal.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall
Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034; see Rodriguez v City of New York, 31 NY3d 312). "To be entitled to partial summary judgment a plaintiff does not bear the . . . burden of establishing . . . the absence of his or her own comparative fault" (Rodriguez v City of New York, 31 NY3d at 324-325). Even though a plaintiff is no longer required to establish his or her freedom from comparative negligence to be entitled to summary judgment on the issue of liability, the issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where, as here, the plaintiff moved for summary judgment dismissing the defendants' affirmative defense of comparative negligence (see Hai Ying Xiao v Martinez, 185 AD3d 1014, 1014; Wray v Galella, 172 AD3d 1446, 1447).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of [*2]law on the issue of liability by submitting, among other things, his own affidavit, which demonstrated that he was walking within a crosswalk with the traffic light in his favor, when the defendant driver, who was attempting to make a left turn, failed to yield the right-of-way and struck him (see Jordon v Chan, 214 AD3d 774, 775-776; Festagallo v Mandelbaum, 213 AD3d 741, 742). The plaintiff also established, prima facie, that he was not at fault in the happening of the accident by demonstrating that he exercised due care by confirming that he had the traffic light in his favor and by looking for oncoming traffic before entering the crosswalk, and that the collision occurred so suddenly that he could not avoid it (see Kwok King Ng v West, 195 AD3d 1006, 1007; Maliakel v Morio, 185 AD3d 1018, 1019).
In opposition, the defendants, who did not submit an affidavit from the defendant driver or a person with personal knowledge of the facts, failed to raise a triable issue of fact as to the defendant driver's negligence or whether the plaintiff was comparatively at fault in the happening of the accident (see Lazarre v Gragston, 164 AD3d 574, 575; Niyazov v Hunter EMS, Inc., 154 AD3d 954, 955). Contrary to the defendants' contention, the video submitted by the plaintiff in reply did not raise a triable issue of fact as to whether the defendant driver's failure to see what was there to be seen and his failure to yield the right-of-way to the plaintiff were the sole proximate cause of the accident (see Hollis v Marinelli, 149 AD3d 922, 923). Moreover, the defendants consented to having the Supreme Court view the video, and their contention that they should have been given an opportunity to file a surreply is improperly raised for the first time on appeal (see generally Johnson v Laramay, 176 AD3d 1515, 1516).
Furthermore, the plaintiff's motion was not premature, as the defendants failed to offer an evidentiary basis to suggest that additional discovery may lead to relevant evidence, or that facts essential to opposing the motion were exclusively within the knowledge and control of the plaintiff (see CPLR 3212[f]; Xiuying Cui v Hussain, 207 AD3d 788).
Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence.
CONNOLLY, J.P., MILLER, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court