Martinez v Premium Laundry Corp. (2020 NY Slip Op 01557)





Martinez v Premium Laundry Corp.


2020 NY Slip Op 01557


Decided on March 5, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 5, 2020

Richter, J.P., Kern, Moulton, González, JJ.


304226/12 11209A 11209

[*1] Mario Martinez, etc., Plaintiff-Respondent,
v
Premium Laundry Corporation, Defendant-Appellant.


Martin, Fallon & Mullé, Huntington (Michael P. Ross of counsel), for appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Kenneth J. Gorman of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Donna Mills, J.), entered August 3, 2017, upon a jury verdict, to the extent appealed from as limited by the briefs, awarding plaintiff damages in the amount of $10.5 million for the decedent's conscious pain and suffering, unanimously modified, on the facts, to vacate the award and remand the matter for a new trial on conscious pain and suffering, unless plaintiff stipulates, within 30 days after entry of this order, to reduce the award to
$3 million, and to the entry of an amended judgment in accordance therewith, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered on or about July 13, 2018, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The jury's finding that defendant was solely at fault for the decedent's death is supported by legally sufficient evidence and is not against the weight of the evidence (see generally Killon v Parrotta, 28 NY3d 101, 108 [2016]; Cohen v Hallmark Cards, 45 NY2d 493, 498-499 [1978]). Plaintiff's evidence established that the decedent was crossing the street with the right-of-way when she was struck by a van operated by defendant's employee making a left turn. Defendant presented no evidence to rebut plaintiff's evidence. Its argument that the decedent may have been crossing the street outside of the crosswalk is speculative, given that its employee did not see the decedent until after the accident (see Bush v Kovacevic, 140 AD3d 1651, 1653 [4th Dept 2016]; France Herly Bien-Aime v Clare, 124 AD3d 814, 815 [2d Dept 2015]). "[T]he position of [the decedent's] body after impact is not probative as to whether she was walking in the cross-walk prior to being struck" (Hines v New York City Tr. Auth., 112 AD3d 528, 529 [1st Dept 2013]). In light of this determination, we do not reach defendant's arguments about the propriety of testimony elicited, and statements made by plaintiff's counsel, about its hiring practices generally and its hiring of the driver involved in the accident specifically.
We find the award for the decedent's conscious pain and suffering excessive to the extent indicated (CPLR 5501[c]; see Vargas v Crown Container Co., Inc., 155 AD3d 989 [2d Dept [*2]2017]; Dowd v New York City Tr. Auth., 78 AD3d 884 [2d Dept 2010]; Filipinas v Action Auto Leasing, 48 AD3d 333 [1st Dept 2008]).
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 5, 2020
CLERK