Hai Ying Xiao v Martinez (2020 NY Slip Op 04295)





Hai Ying Xiao v Martinez


2020 NY Slip Op 04295


Decided on July 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2019-09940
 (Index No. 704315/18)

[*1]Hai Ying Xiao, appellant, 
v
John Sandro Martinez, et al., respondents, et al., defendants.


Caesar and Napoli, P.C., New York, NY (Kelsey M. Crowley and Robert Stein of counsel), for appellant.
Morrison Mahoney LLP, New York, NY (Gerardo L. Espinoza and Brian P. Heermance of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered June 6, 2019. The order denied the plaintiff's motion for summary judgment on the issue of liability and dismissing the affirmative defense of comparative negligence of the defendants John Sandro Martinez, Auto Part International, Inc., and Advance Auto Parts, Inc.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability and dismissing the affirmative defense of comparative negligence of the defendants John Sandro Martinez, Auto Part International, Inc., and Advance Auto Parts, Inc., is granted.
The plaintiff pedestrian was injured when she was struck by a vehicle operated by the defendant John Sandro Martinez and owned by the defendants Auto Part International, Inc., and Advance Auto Parts, Inc. (hereinafter collectively the defendants). The plaintiff subsequently commenced this action against the defendants and others. The plaintiff moved for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence. The Supreme Court denied the motion. The plaintiff appeals.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034; see Rodriguez v City of New York, 31 NY3d 312). "To be entitled to partial summary judgment a plaintiff does not bear the . . . burden of establishing . . . the absence of his or her own comparative fault" (Rodriguez v City of New York, 31 NY3d at 324-325). Even though a plaintiff is no longer required to establish his or her freedom from comparative negligence to be entitled to summary judgment on the issue of liability, the issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where, as here, the plaintiff moved for summary judgment dismissing a defendant's affirmative defense of comparative negligence (see Higashi v M & R Scarsdale Rest., LLC, 176 AD3d 788, 789; Wray v Galella, 172 AD3d 1446, 1447).
Here, the plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability by submitting, inter alia, her own affidavit, which demonstrated that she was walking within a crosswalk with the pedestrian signal in her favor when Martinez, who was attempting to make a left turn, failed to yield the right-of-way and struck her (see Rodriguez v City of New York, 31 NY3d 312; Gaston v Vertsberger, 176 AD3d 919, 919-920; Rodriguez-Garcia v Bobby's Bus Co., Inc., 175 AD3d 631, 632; Lazarre v Gragston, 164 AD3d 574, 575). The plaintiff's affidavit was also sufficient to establish, prima facie, that she was not at fault in the happening of the accident, as it demonstrated that she exercised due to care by confirming that she had the pedestrian signal in her favor and by looking for oncoming traffic in all directions before entering the crosswalk and that the collision occurred so suddenly that she could not avoid it (see Higashi v M & R Scarsdale Rest., LLC, 176 AD3d at 790; Wray v Galella, 172 AD3d at 1448; Dunajski v Kirillov, 148 AD3d 991; Gomez v Novak, 140 AD3d 831). In opposition to the plaintiff's prima facie showing, the defendants failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence.
DILLON, J.P., AUSTIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court