Kwok King Ng v West (2021 NY Slip Op 04125)





Kwok King Ng v West


2021 NY Slip Op 04125


Decided on June 30, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
LINDA J. CHRISTOPHER, JJ.


2019-13827 
2020-01432
 (Index No. 12244/17)

[*1]Kwok King Ng, respondent,
v
Perry James West II, et al., appellants.


McCabe, Collins, McGeough, Fowler, Levine & Nogan, LLP, Carle Place, NY (Patrick M. Murphy of counsel), for appellants.
Kelner & Kelner, New York, NY (Joshua D. Kelner of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from (1) an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered September 23, 2019, and (2) an amended order of the same court entered November 21, 2019. The order and the amended order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment dismissing the fourth affirmative defense, which alleged culpable conduct by him.
ORDERED that the appeal from the order is dismissed, as that order was superseded by the amended order; and it is further,
ORDERED that the amended order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action against the defendants to recover damages for personal injuries that he allegedly sustained when a vehicle operated by the defendant Perry James West II and owned by the defendant Aquifer Drilling and Testing, Inc., allegedly struck him as he was crossing the intersection of 136th Street and Booth Memorial Avenue in Queens. The plaintiff moved, inter alia, for summary judgment dismissing the fourth affirmative defense, which alleged culpable conduct by him. By order entered September 23, 2019, and amended order entered November 21, 2019, the Supreme Court granted that motion. The defendants appeal.
Even though a plaintiff is not required to establish his or her freedom from comparative negligence to be entitled to summary judgment on the issue of liability, the issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where the plaintiff moves for summary judgment dismissing a defendant's affirmative defense alleging comparative negligence and culpable conduct on the part of the plaintiff (see Higashi v M & R Scarsdale Rest., LLC, 176 AD3d 788, 789; Wray v Galella, 172 AD3d 1446, 1447). Here, the plaintiff established, prima facie, that he was not at fault in the happening of the accident by [*2]demonstrating that he exercised due care by confirming that he had the pedestrian signal in his favor and by looking for oncoming traffic before entering the crosswalk and that the collision occurred so suddenly that he could not avoid it (see Maliakel v Morio, 185 AD3d 1018, 1019; Hai Ying Xiao v Martinez, 185 AD3d 1014, 1015; Higashi v M & R Scarsdale Rest., LLC, 176 AD3d at 789; Wray v Galella, 172 AD3d at 1447). In opposition, the defendants failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment dismissing the fourth affirmative defense, which alleged culpable conduct by him.
LASALLE, P.J., HINDS-RADIX, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court