Xiuying Cui v Hussain (2022 NY Slip Op 04759)

Xiuying Cui v Hussain

2022 NY Slip Op 04759

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.

2021-01362
 (Index No. 714004/20)

[*1]Xiuying Cui, appellant,
v
Mohammad F. Hussain, respondent.

Steven Louros, New York, NY, for appellant.
Baker, McEvoy & Moskovits, P.C. (Marjorie E. Bornes, Brooklyn, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered February 3, 2021. The order denied the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendant's third affirmative defense, alleging comparative negligence.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendant's third affirmative defense, alleging comparative negligence, is granted.
The plaintiff pedestrian allegedly sustained injuries when she was struck by the defendant's vehicle as she attempted to cross 34th Avenue at its intersection with Union Street in Queens. The plaintiff commenced this action to recover damages for personal injuries and thereafter moved for summary judgment on the issue of liability and dismissing the defendant's third affirmative defense, alleging comparative negligence. In an order entered February 3, 2021, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
To be entitled to summary judgment on the issue of a defendant's liability, a plaintiff does not bear the burden of establishing the absence of his or her own comparative negligence (see Rodriguez v City of New York, 31 NY3d 312, 324-325; Maliakel v Morio, 185 AD3d 1018, 1019). Nonetheless, the issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where, as here, the plaintiff moves for summary judgment dismissing an affirmative defense alleging comparative negligence (see Kwok King Ng v West, 195 AD3d 1006, 1007; Hai Ying Xiao v Martinez, 185 AD3d 1014, 1014).
Here, the plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability. The plaintiff submitted evidence demonstrating that she was approximately halfway across the street in a crosswalk with the pedestrian signal in her favor when the defendant, who was making a right turn, failed to yield the right-of-way and struck her, and that the defendant did not see the plaintiff in the crosswalk while making his turn (see Maliakel v Morio, 185 AD3d at 1019; Hai Ying Xiao v Martinez, 185 AD3d at 1015; Higashi v M & R Scarsdale Rest., LLC, 176 AD3d 788, 790; Huang v Franco, 149 AD3d 703, 703). The plaintiff also established, [*2]prima facie, that she was not at fault in the happening of the accident by demonstrating that, exercising due care, she had confirmed that she had the pedestrian signal in her favor and checked in both directions for approaching vehicles before entering the crosswalk (see Dunajski v Kirillov, 148 AD3d 991, 992; Gomez v Novak, 140 AD3d 831, 831-832; Martinez v Kreychmar, 84 AD3d 1037, 1038). In opposition, the defendant failed to raise a triable issue of fact as to his negligence or whether the plaintiff was comparatively at fault in the happening of the accident (see generally Zuckerman v City of New York, 49 NY2d 557, 562).
Furthermore, the plaintiff's motion was not premature, as the defendant failed to offer an evidentiary basis to suggest that additional discovery may lead to relevant evidence, or that facts essential to opposing the motion were exclusively within the knowledge and control of the plaintiff (see Maliakel v Morio, 185 AD3d at 1019; Rodriguez-Garcia v Bobby's Bus Co., Inc., 175 AD3d 631, 632; Lazarre v Gragston, 164 AD3d 574, 575). The "mere hope or speculation" that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is an insufficient basis for denying the plaintiff's motion (Lazarre v Gragston, 164 AD3d at 575; see Niyazov v Hunter EMS, Inc., 154 AD3d 954, 955).
Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendant's third affirmative defense, alleging comparative negligence.
DUFFY, J.P., BARROS, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court