Binger Mei v Kim Wan Cheung (2023 NY Slip Op 02098)

Binger Mei v Kim Wan Cheung

2023 NY Slip Op 02098

Decided on April 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
LILLIAN WAN, JJ.

2021-06259
 (Index No. 503539/19)

[*1]Binger Mei, respondent, 
v
Kim Wan Cheung, appellant.

Morris Duffy Alonso Faley & Pitcoff, New York, NY (Robert S. Whitbeck, Iryna S. Krauchanka, and Andrea M. Alonso of counsel), for appellant.
Frekhtman & Associates (The Law Offices of Arnold E. DiJoseph, P.C., New York, NY [Arnold E. DiJoseph III], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated August 10, 2021. The order granted the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
The plaintiff pedestrian allegedly sustained injuries when she was struck by the defendant's vehicle as she attempted to cross 67th Street at its intersection with 6th Avenue in Brooklyn. The plaintiff commenced this action to recover damages for personal injuries and thereafter moved for summary judgment on the issue of liability. In an order dated August 10, 2021, the Supreme Court granted the plaintiff's motion. The defendant appeals.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034; see Ortiz v Zurita, 195 AD3d 734, 735). "A plaintiff is no longer required to show freedom from comparative fault in establishing his or her prima facie case" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d at 1034; see Rodriguez v City of New York, 31 NY3d 312, 324-325). "A driver is bound to see what is there to be seen with the proper use of his or her senses" (Higashi v M & R Scarsdale Rest., LLC, 176 AD3d 788, 790).
Here, the plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability by submitting, inter alia, the transcripts of the parties' deposition testimony, which demonstrated that the plaintiff was struck by the defendant's vehicle while walking within a crosswalk, that she had observed the conditions of approaching traffic before she began to cross, and that the defendant was negligent in failing to yield the right-of-way (see Ustelimova v Madar, 159 AD3d 984; Friedman v Rogerson, 131 AD3d 1204, 1204-1205; Garcia v Lenox Hill Florist III, Inc., 120 AD3d 1296, 1297; Hamilton v King Tung Kong, 93 AD3d 821, 822; Rosenblatt v Venizelos, 49 AD3d 519, 520). The defendant's contention that the accident was the result of the plaintiff's conduct in crossing the street outside the crosswalk is speculative, as the defendant [*2]testified that he did not see the plaintiff until the impact had already occurred (see Martinez v Premium Laundry Corp., 181 AD3d 439; Bush v Kovacevic, 140 AD3d 1651, 1653; France Herly Bien-Aime v Clare, 124 AD3d 814, 814-815; see also Orellana v Mendez, 208 AD3d 888, 890).
In opposition to the plaintiff's prima facie showing, the defendant failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability.
BRATHWAITE NELSON, J.P., GENOVESI, WARHIT and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court