Munro v Wright (2024 NY Slip Op 50822(U))

[*1]

Munro v Wright

2024 NY Slip Op 50822(U)

Decided on June 30, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 30, 2024
Supreme Court, Kings County

Bernard Finbar Munro, Plaintiff,

against
Georgia M. Wright and Gionni Z. Wright, Defendants.

Index No. 530992/2022

Tantleff & Kreinces, LLP, Mineola (Edward D. Tantleff of counsel), for Plaintiff
Scahill Law Group P.C., Bethpage (Isaac M. Dana of counsel), for Defendants

Aaron D. Maslow, J.

The following numbered papers were read on this motion:
Submitted by Plaintiff
NYSCEF Doc No. 104: Notice of motion to renew
NYSCEF Doc No. 105: Edward D. Tantleff affirmation in support of motion
NYSCEF Doc No. 106: Exhibit A — Dec. 8, 2023 order denying Plaintiff's motion for summary [*2]judgment
NYSCEF Doc No. 107: Exhibit B — 2/22/23 certification of NYPD records
NYSCEF Doc No. 108: Exhibit C — Notice of hard copy exhibit filing of surveillance video; video
NYSCEF Doc No. 109: Exhibit D — Screenshots of surveillance video
NYSCEF Doc No. 110: Exhibit E — 7/14/23 certification of NYPD records
NYSCEF Doc No. 111: Exhibit F — Mar. 3, 2023 order granting Plaintiff discovery from NYPD
NYSCEF Doc No. 112: Exhibit G — Email correspondence with Brigitte Watson, NYPD
NYSCEF Doc No. 113: Exhibit H — Brigitte Watson (NYPD) affirmation
NYSCEF Doc No. 114: Edward D. Tantleff affirmation of service of surveillance video
NYSCEF Doc No. 115: Edward D. Tantleff affirmation of service of motion
Submitted by Defendants
NYSCEF Doc No. 129: Keri A. Wehrheim affirmation in opposition to motion
NYSCEF Doc No. 130: Exhibit A — proposed order
NYSCEF Doc No. 131: Margarita Shulyak affidavit of service of opposition
Submitted by Plaintiff
NYSCEF Doc No. 132: Edward D. Tantleff reply affirmation in support of motion
NYSCEF Doc No. 133: Exhibit A — Brigitte Watson (NYPD) affirmation
NYSCEF Doc No. 134: Exhibit B — 2/22/23 certification of NYPD records
NYSCEF Doc No. 135: Exhibit C — 7/14/23 certification of NYPD records
NYSCEF Doc No. 136: Exhibit D — 5/25/23 certification of NYPD
NYSCEF Doc No. 137: Exhibit E — Mar. 3, 2023 order granting Plaintiff discovery from NYPD
NYSCEF Doc No. 138: Exhibit F — Plaintiff Bernard Finbar Munro affidavit
NYSCEF Doc No. 139: Edward D. Tantleff affirmation of service of reply
NYSCEF Doc No. 140: Proposed order
Submitted by Court
NYSCEF Doc No. 144: Transcript of May 31, 2024 proceedings on motion
Previously Submitted by Plaintiff re Motion Sought to be Renewed
NYSCEF Doc No. 64: Notice of motion for summary judgment & to strike affirmative defenses
NYSCEF Doc No. 65: Statement of material facts
NYSCEF Doc No. 66: Edward D. Tantleff affirmation in support of motion
NYSCEF Doc No. 67: Certified police report
NYSCEF Doc No. 68: Summons and complaint
NYSCEF Doc No. 69: Answer
NYSCEF Doc No. 70: Amended bill of particulars
NYSCEF Doc No. 71: Elvina McDowall (eyewitness) affidavit
NYSCEF Doc No. 72: Plaintiff Bernard Finbar Munro deposition testimony
NYSCEF Doc No. 73: Defendant Gionni Z. Wright deposition testimony
NYSCEF Doc No. 74: Notice of hard copy exhibit filing of surveillance video; video
NYSCEF Doc No. 75: Note of issue
NYSCEF Doc No. 76: Edward D. Tantleff affirmation of service of motion
NYSCEF Doc No. 77: Proposed order
Previously Submitted by Defendants re Motion Sought to be Renewed
NYSCEF Doc No. 89: Kate L. Dorney affirmation in opposition to motion
NYSCEF Doc No. 90: Response to statement of material facts
Previously Submitted by Court re Motion Sought to be Renewed
NYSCEF Doc No. 91: Dec. 3, 2023 interim order — motion to be determined on submission
Previously Submitted by Plaintiff re Motion Sought to be Renewed
NYSCEF Doc No. 92: Edward D. Tantleff reply affirmation in support of motion
NYSCEF Doc No. 93: Edward D. Tantleff affirmation of service of reply
Previously Submitted by Court re Motion Sought to be Renewed
NYSCEF Doc No. 99: Dec. 8, 2023 order denying Plaintiff's motion for summary judgment
Upon the foregoing papers and having heard oral argument on the record, the within motion is determined as follows.
I. Introduction
Plaintiff Bernard Finbar Munro ("Plaintiff") has moved for renewal of his previous motion seeking summary judgment on the issue of liability against Defendants Georgia M. Wright [FN1]
and Gionni Z. Wright ("Driver"), in this action for personal injuries allegedly as a result of the latter's operation of a motor vehicle in a negligent manner, and the striking of Defendants' affirmative defenses sounding in comparative negligence and assumption of the risk.[FN2]

II. Background
On August 11, 2022, Plaintiff was a pedestrian on Pitkin Avenue at or near the intersection of Saratoga Avenue, in Brooklyn. Driver was the operator of the vehicle owned by co-defendant Georgia M. Wright. Driver made a left turn from Pitkin Avenue, striking Plaintiff as Plaintiff crossed the roadway of Saratoga Avenue. Plaintiff claimed he was within the crosswalk, with the light in his favor, when struck, an assertion denied by Defendant. (See NYSCEF Doc No. 105, Tantleff aff ¶ 3; NYSCEF Doc No. 89, Dorney aff ¶¶ 3, 6-7.)
In an order dated December 8, 2023, this Court denied Plaintiff's prior motion for summary judgment, finding that there were sufficient material issues of fact as to how the accident occurred (see NYSCEF Doc 106, Dec. 8, 2023 order).

 III. Plaintiff's Position
Plaintiff moves for renewal of its previous motion for summary judgment and to strike affirmative defenses, and submits new evidence which he claims was not available at the time of the initial motion. He cited CPLR 2221 (e), which provides that a motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]). Acknowledging this by citing to Serviss v Incorporated Village of Floral Park (164 AD3d 512 [2d 2018]), Plaintiff added further that he met the requirement set forth in Deutsche Bank Trust Co. v Ghaness (100 AD3d 585 [2d Dept 2012]) that a reasonable justification for the failure to present such facts on the original motion must be presented. (See NYSCEF Doc No. 105, Tantleff aff ¶ 6.)
Plaintiff's counsel was in possession of a Pitkin Avenue store's (1542 Pitkin Avenue) video previously provided to him by the New York City Police Department ("NYPD"), which did not show the actual impact between Driver's vehicle and Plaintiff. In preparation for trial, however, an investigator from counsel's office contacted NYPD Detective Geramita on or about February 14, 2024. It was discovered at that time that there was an additional surveillance video obtained by Detective Geramita from the Bargain Hunters store located at 1530 Pitkin Avenue, which not only showed Plaintiff walking along Pitkin Avenue and Driver driving on it, as the 1542 Pitkin Avenue video did, but also showed the actual impact in the intersection. Plaintiff's counsel received the 1530 Pitkin Avenue video on February 26, 2024. (See id. ¶¶ 11-15.)
Plaintiff submitted an affirmation from Brigitte Watson, an attorney in the NYPD's office of the Deputy Commissioner of Legal Matters. In it, she explained the delay in providing the surveillance videos to the plaintiff in response to a March 3, 2023 court order mandating discovery from NYPD. (See NYSCEF Doc No. 105 ¶ 16.) Ms. Watson attested to the following: The NYPD was the subject of a court order to turn over all surveillance videos. Back in 2023, Ms. Watson sent what NYPD had. At that time, she believed that Detective Matthew [*3]Geramita had uploaded all the videos in this case to NYPD's ECMS database. However, there was other video footage not uploaded to the ECMS database because the video files were incompatible with it. After obtaining licenses to convert this other footage into a format compatible with the ECMS software, the footage was downloaded to Ms. Watson's computer. She asked the Court to acknowledge that Plaintiff's counsel did not receive the last video footage until February 2024 due to the unforeseen technology issues facing NYPD. (See NYSCEF Doc No. 112, Watson aff ¶¶ 2-13.)
Per Plaintiff's counsel, "On February 26, 2024, your affirmant received certified copies of the missing videos from the New York City Police Department which clearly show the accident. The video shows the plaintiff crossing Saratoga Avenue at the intersection with Pitkin Avenue, within the crosswalk and with the green light in his favor. The video shows the defendant making the left turn and striking the plaintiff in the crosswalk. It also shows that the plaintiff was not crossing from between two parked cars as the defendants incorrectly alleged. [Exhibit 'C' and Exhibit 'D']" (NYSCEF Doc No. 105, Tantleff aff ¶ 15.)
In reply to Defendants' opposition, a reply affidavit from Plaintiff himself swore that "I have reviewed the surveillance video tapes obtained by the New York City Police Department from a clothing store at 1530 Pitkin Avenue which were provided to my attorneys by the New York City Police Department for the first time on February 26, 2024," and "The video is a fair and accurate representation of me walking along Pitkin Avenue and being struck by the defendants' vehicle which made a left turn and struck me while I was crossing in the crosswalk at the intersection with Saratoga Avenue" (NYSCEF Doc No. 138, Munro aff ¶¶ 4-5).
Not only should Plaintiff be awarded summary judgment on the issue of liability (see NYSCEF Doc No. 105, Tantleff aff ¶¶ 24-34), he was entitled to have affirmative defenses asserting comparative negligence and assumption of the risk stricken (see id. 35-43). Various statutory provisions set forth in the Vehicle and Traffic Law were violated by Driver, argued Plaintiff (see id. ¶ 25).
At the May 31, 2024 oral argument, Plaintiff's counsel basically repeated the points advanced in his motion papers (see generally NYSCEF Doc No. 144, trans).

 IV. Defendants' Opposition
In opposition, Defendants argued that Plaintiff's motion for renewal was not in compliance with this Court's Rules that previously-efiled documents be submitted as attached exhibits on the motion and that a proposed order be submitted (see NYSCEF Doc No. 129, Wehrheim aff ¶ 3). Defendants then argued that Plaintiff failed to offer a reasonable excuse for why the 1530 Pitkin Avenue surveillance video was not submitted on the original motion for summary judgment. A review of NYPD investigation reports reveal that the 1530 Pitkin Avenue video was listed therein, so Plaintiff should be charged with knowledge of its existence. Citing Deutsche Bank Natl. Trust Co. v Wilkins (97 AD3d 537 [2d Dept 2012]), Defendants maintained that "A motion to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (id. ¶ 10). Defendants argued further that the video (and screenshots from it) were not authenticated (see id. ¶¶ 11-14). Defendants added that even if Plaintiff was awarded summary judgment on liability, Defendants' affirmative defenses alleging comparative negligence should not be stricken (see id. ¶¶ 15-25) — a pedestrian has a duty to utilize his/her senses and protect himself/herself from danger and comparative [*4]negligence is usually determined by the jury (see id. ¶¶ 21-22).
At oral argument on May 31, 2024, Defendant maintained that Plaintiff should have done his due diligence, gone to the source of the video himself — the store at 1530 Pitkin Avenue — and not rely on the police. Defendants believe that it is highly prejudicial to grant a renewal for summary judgment because Plaintiff did not present this video when his first summary motion judgment was filed. Defendant alleges that Plaintiff had knowledge of the video prior to the filing of the note of issue and prior to the depositions, because there was an indication that this video existed as part of the NYPD records they had. Now Defendant Driver's deposition testimony can be contradicted by the video. Defendants also alleged that the video is not authenticated as part of the moving papers. The video is referenced therein and there is indication in the moving papers as to what it depicts, but there is no affidavit of an individual with knowledge regarding what is shown in that video, which Defendants believe should be from the store owner themself. (See NYSCEF Doc No. 144, trans at 4-5, 10, 13-14.)

V. Discussion
A. Defendants' Procedural Objections
The Court first rejects Defendants' procedural objections. While this Court indeed does have a rule requiring that previously efiled documents be submitted as exhibits in motion papers (see Brick&Mortar LLC v Momo Sushi Inc., 79 Misc 3d 1239[A], 2023 NY Slip Op 50838[U] [Sup Ct, Kings County 2023]), the Court reiterates that the purpose is so it will not have "to fish around in NYSCEF to locate referenced documents" (id. at 3). Here, the Court did not have to fish around because Plaintiff included an easily understandable detailed list of documents submitted by both sides on the original motion (see NYSCEF Doc No. 105, Tantleff aff at 1-3).
That Plaintiff did not submit a proposed order in its main motion papers can be waived by the Court as the purpose is to have a prepared order should the Court deem it appropriate to sign it. Here the Court was of the view that a more detailed order and decision is necessary. Defendants are not prejudiced by Plaintiff's failure to include a proposed order in its main motion papers (one was submitted later on). (See Serov v Kerzner Intl. Resorts, Inc., 52 Misc 3d 1214[A], 2016 NY Slip Op 51150[U], *2 [Sup Ct, NY County 2017].)

 B. Motion to Renew
In Segall v Heyer (161 AD2d 471 [1st Dept 1990]), the Court granted the motion to renew and withdrew its prior decision, holding that the plaintiff's affidavit established a causal relationship between the plaintiff's injuries and the defendant's negligence. In doing so it exercised its interest of justice jurisdiction inasmuch as the plaintiff could have submitted an expert's affidavit in opposition to the defendant's motion for summary judgment. "Plaintiff offered a valid excuse, explaining that she mistakenly believed expert testimony was not required to withstand a motion for summary judgment in a negligence action. Because of the meritorious nature of the claim and the strong public policy in favor of resolving cases on the merits, the court did not abuse its discretion in granting the motion to renew (see, Rodney v New York Pyrotechnic Prods. Co., 112 AD2d 410)." (Segall v Heyer, 161 AD2d at 473.)
Case law on the topic of granting renewal with respect to a summary judgment motion so that a video not previously submitted may now be considered appears to go both ways. In Ritzul [*5]v Consumer Product Servs. (37 Misc 3d 1204[A], 2012 NY Slip Op 51878[U] [Sup Ct, Queens County 2012]), an attorney who did not submit the video died and the subsequent attorney was unable to explain why the video was never submitted. In D'Ambruoso v Port Auth. of NY & N.J. (211 AD3d 573 [1st Dept 2022]), the Court held that not knowing how to transfer a video from an Android phone to an iPhone was not a reasonable justification for failing to present the video at the time the plaintiffs made their original summary judgment motion; the renewal motion was made nearly one year after the original motion.
However, recently, it was held by the Appellate Division, Second Department, that the requirement that a motion for leave to renew be based upon new or additional facts unknown to the movant at the time of the original motion is a flexible one and the court, in its discretion, may also grant renewal, in the interest of justice, upon facts which were known to the movant at the time the original motion was made; the video at issue depicted the wet condition in the defendant's premises (see Blackman v Red Lobster Hospitality, LLC, 222 AD3d 825 [2d Dept 2023]).
After obtaining the new footage and Brigitte Watson's affidavit from the NYPD, it is evident that Plaintiff was not aware the video existed previously, nor was it intentionally withheld it from Defendant. The video that was received on February 26, 2024 was the first time Plaintiff had seen it, negating the argument made by Defendants that Plaintiff was aware of the video's existence beforehand. While the video was listed in a police investigation report, nonetheless Plaintiff was not in possession of it until after Plaintiff asked his investigator to prepare for trial. The Court finds that the statement by Bridgette Watson, the attorney for the NYPD that she did not receive the 1530 Pitkin Avenue video until February 2024 due to unforeseen technology issues provides Plaintiff with a sufficient explanation for not having submitted the video on the initial summary judgment motion. Further, even if Plaintiff did not strictly satisfy the requirement of establishing reasonable justification for not inquiring directly of the store at 1530 Pitkin Avenue in order to obtain its video, as argued by Defendants (see NYSCEF Doc No. 129, Wehrheim aff ¶ 5), this Court finds merit in considering it now since it clearly depicts Driver striking Plaintiff in the crosswalk while Plaintiff had the light in his favor (see Blackman v Red Lobster Hospitality, LLC, 222 AD3d 825; Segall v Heyer, 161 AD2d 471).
As for Defendants additionally arguing that there was no proper authentication by an individual with knowledge regarding what is shown in the video, this Court recognizes that the authentication was provided by Plaintiff himself albeit in reply: "The video is a fair and accurate representation of me walking along Pitkin Avenue and being struck by the defendants' vehicle which made a left turn and struck me while I was crossing in the crosswalk at the intersection with Saratoga Avenue" (NYSCEF Doc No. 138, Munro aff ¶ 5). "It is well-settled that a video recording 'may be authenticated by the testimony of a witness to the recorded events . . . that the video[ ] accurately represents the subject matter depicted'. . . . [T]he plaintiff identified himself on the video and testified that it accurately depicted the accident, including the moments immediately before and after the impact." (Keene v Rosas, 215 AD3d 938, 939 [2d Dept 2023].) The Court notes also that the video submitted on this motion for renewal contains footage which duplicated a previous video (from 1542 Pitkin Avenue) plus it contained the moment of the impact which was not in the previous video (see NYSCEF Doc No. 105, Tantleff aff ¶¶ 12-13). So most of the footage was available to Defendants prior to the exchange of the 1530 Pitkin Avenue video.
It is noted that although Plaintiff's reply affidavit authenticating the video was filed on [*6]May 21, 2024, Defendants did not seek leave to submit a surreply, presumably because they knew that Driver's deposition testimony concerning Plaintiff's actions — that he crossed from between cars and outside the crosswalk (see NYSCEF Doc No. 89, Dorney aff ¶ 6) — was untruthful, as borne out by the video.
While Plaintiff's affidavit was submitted on reply — not in the original motion papers — on this motion, his testimony as to how the accident occurred was previously before the Court and in Defendants' possession (see NYSCEF Doc No. 72, Munro trans). The only additional element was that he authenticated the video, which itself contained a few more seconds of footage (showing the impact) which had been previously submitted (see NYSCEF Doc No. 74, certification and video). The Court can take into account the authentication in the reply affidavit (see Boone v City of New York, 92 AD3d 709 [2d Dept 2012]; Ticor Title Guarantee Co. v Bajraktari, 261 AD2d 156 [1st Dept 1999]; Crespo v State, 41 Misc 3d 807 [Ct Claims 2013]). As previously held, "Contrary to Pecker's contention, the Supreme Court properly considered a reply affidavit from an employee of the church attesting to the authenticity of the contract containing the subject indemnification provision. The reply affidavit was submitted in direct response to an argument made in Pecker's opposition papers challenging the authenticity of the contract [citations omitted]." (Ramales v Pecker Iron Workers of Westchester, Inc., 114 AD3d 920, 921 [2d Dept 2014].) Since Plaintiff's authenticating affidavit was submitted in direct response to Defendants' claim that the video was not in admissible form (see NYSCEF Doc Nos. 129, Wehrheim aff ¶¶ 11-13; 132, Tantleff reply aff ¶ 10), it may be considered pursuant to this case law.
Finally the Court takes into account that Plaintiff's motion for renewal was filed on March 18, 2024, shortly after receiving the 1530 Pitkin Avenue video from NYPD on February 26, 2024. Plaintiff acted assiduously in this respect.
Renewal of Plaintiff's motion for summary judgment is appropriate.

C. Summary Judgment on Liability
Summary judgment is a drastic remedy that should be granted only if no triable issues of fact exist and the movant is entitled to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Andre v Pomeroy, 35 NY2d 361, 364 [1974]). The party moving for summary judgment must present a prima facie case of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact, and the failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see CPLR 3212 [b]; Smalls v AJI Industries, Inc., 10 NY3d 733 [2008]; Alvarez, 68 NY2d at 324). Once a prima facie showing has been made, however, the burden shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution or tender an acceptable excuse for the failure to do so; mere expressions of hope are insufficient to raise a genuine issue of fact (see Zuckerman v City of New York, 49 NY2d 557 [1980]).
Plaintiff is moving for summary judgment on the issue of liability. Before making a left turn at a green lighted intersection, a driver must forbear, unless and until the turn can be made safely. In that regard, every driver has an obligation to see what is there to be seen and to yield the right of way to all pedestrians crossing within the crosswalk (see Bolta v Lohan, 242 AD2d [*7]356 [2d Dept 1997]). It is clearly shown in the video that Driver did not yield the right of way to Plaintiff, a pedestrian, as he hit him head on while making a left turn. Plaintiff was in the middle of the crosswalk with the green light. Due to his failure to yield the right of way, Driver is completely negligent for the accident (see Razzaque v Krakow Taxi, Inc., 238 AD2d 161 [1st Dept 1997]; Zabusky v Cochran, 234 AD2d 542 [2d Dept 1996]; DeProssino v Noorzad, 225 AD2d 581 [2d Dept 1996]).
Vehicle and Traffic Law § 1111 (a) (1) provides: "Traffic, except pedestrians, facing a steady circular green signal may proceed straight through or turn right or left unless a sign at such place prohibits either such turn. Such traffic, including when turning right or left, shall yield the right of way to other traffic lawfully within the intersection or an adjacent crosswalk at the time such signal is exhibited." Vehicle and Traffic Law § 1146 (a) provides: "Notwithstanding the provisions of any other law to the contrary, every driver of a vehicle shall exercise due care to avoid colliding with any . . . pedestrian . . . upon any roadway and shall give warning by sounding the horn when necessary." 
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Ortiz v Zurita, 195 AD3d 734, 735 [2021] [internal quotation marks omitted]). To be entitled to summary judgment on the issue of liability, " 'a plaintiff does not bear the . . . burden of establishing . . . the absence of his or her own comparative fault' " (Balladares v City of New York, 177 AD3d 942, 943 [2019], quoting Rodriguez v City of New York, 31 NY3d 312, 324-325 [2018]; see Odetalla v Rodriguez, 165 AD3d 826, 827 [2018]).
Further, "[a] violation of a standard of care imposed by the Vehicle and Traffic Law constitutes negligence per se" (Callahan v Glennon, 193 AD3d 1029, 1030 [2021] [internal quotation marks omitted]). "A driver who faces a green light has a duty to yield the right-of-way to pedestrians who are lawfully within a crosswalk in accordance with the standard of care imposed by Vehicle and Traffic Law § 1111 (a) (1)" (Lieb v Jacobson, 202 AD3d 1072, 1073 [2022]). "A driver also has 'a statutory duty to use due care to avoid colliding with pedestrians on the roadway [pursuant to Vehicle and Traffic Law § 1146], as well as a common-law duty to see that which he [or she] should have seen through the proper use of his [or her] senses" (Lieb v Jacobson, 202 AD3d at 1073, quoting Barbieri v Vokoun, 72 AD3d 853, 856 [2010]).
Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability by submitting the police accident report, and an affidavit from a witness who averred that the defendants' vehicle struck the infant plaintiff with its front bumper while the infant plaintiff was crossing Stillwell Avenue in a marked crosswalk with an active "white pedestrian signal" (see Gooden v EAN Holdings, LLC, 189 AD3d 1552 [2020]; Wray v Galella, 172 AD3d 1446, 1448 [2019]; Lazarre v Gragston, 164 AD3d 574, 575 [2018]).
(E.B. v Gonzalez, 208 AD3d 618, 618-619 [2d Dept 2022].)
We see in the circumstances where the driver strikes a pedestrian walking in the crosswalk with the traffic light in their favor, that appellate courts typically grant summary judgment against the defendant driver (e.g. Batista v Alvarez, 225 AD3d 150 [2d Dept 2024]; [*8]Festagallo v Mandelbaum, 213 AD3d 741 [2d Dept 2023]; Lazarre v Gragston, 164 AD3d 574 [2d Dept 2018]). In Zabusky v Cochran (234 AD2d 542), the Court held that the defendant's failure to yield the right-of-way to a pedestrian lawfully in the crosswalk, constituted liability as a matter of law. The lower court originally had denied the plaintiff's motion for summary judgment, but the Appellate Division reversed, finding that "The evidence submitted by plaintiffs was sufficient to establish their entitlement to summary judgment on the issues of liability" (234 AD2d at 542).
In Schneider v Gap, Inc. (208 AD3d 606, 607 [2d Dept 2022]), where a party's version of the accident was contradicted by video surveillance footage, the Court disregarded the testimony and granted summary judgment. Specifically applicable here is the decision in Miranda v Century Waste Servs., LLC (210 AD3d 590, 591 [1st Dept 2022]):
Plaintiff made a prima facie showing of negligence on the part of defendant driver by submitting his deposition testimony and video footage of the accident, which established that the driver violated Vehicle and Traffic Law §§ 1146 (a) and 1111 (a) (1) (see Ayala v Pascarelli, 168 AD3d 613, 614 [1st Dept 2019]). The video footage submitted as part of the record shows plaintiff entering the crosswalk before defendants' vehicle began to make its right turn. It also shows plaintiff four or five steps into the crosswalk before being struck by defendants' vehicle. Plaintiff testified there was a green light and a walk sign when he moved into the intersection, and defendant driver contended, consistently, that he had a green light when making the right turn. Thus, defendant driver failed to exercise due care in accordance with Vehicle and Traffic Law § 1146 (a) and failed to yield the right of way to plaintiff in accordance with Vehicle and Traffic Law § 1111 (a) (1).
In opposition, defendants failed to raise a triable issue of fact. Defendant driver's affidavit is insufficient to defeat plaintiff's motion, as it is contradicted by the video footage (see Fernandez v Ortiz, 183 AD3d 443, 444 [1st Dept 2020]). While the driver avers that he did not see any pedestrians in or about to enter the crosswalk as he turned right, the video footage shows plaintiff entering the crosswalk before defendants' vehicle begins to make its turn.
(Miranda v Century Waste Servs., LLC, 210 AD3d at 591.)
The same situation exists here as the video footage vividly shows an accurate description of the events that occurred and disproves Driver's testimony of Plaintiff walking between two parked cars and not in the crosswalk. The referenced video eliminates all issues of material fact disputed by Driver. As depicted in the video at "9:06" where Driver strikes Plaintiff, there is a prima facie case that a causal relationship existed between getting struck and the injuries then sustained. The video directly contradicts Driver's claim that Plaintiff was walking between two parked cars while not being inside the crosswalk. Eyewitness Elvina McDowall corroborated what was depicted in the video (see NYSCEF Doc No. 71, McDowall aff). Driver failed to show that a material issue of fact exists.
Plaintiff is entitled to summary judgment on the issue of liability against Defendants.

D. Striking Affirmative Defenses
Eyewitness McDowall attested as follows in pertinent part:
On Monday, August 1, 2022 at approximately 7:00 p.m., I was standing at the bus stop located on the northeast corner of Pitkin Avenue and Saratoga Avenue in Brooklyn. The weather was dry and clear. Traffic was moderate at this time. I had a clear, unobstructed view of the intersection. I was looking south, watching for my bus.
I saw a thin male pedestrian standing on the southeast corner of Pitkin and Saratoga. When the light turned green I watched him step off the curb and begin to walk in the crosswalk, westbound, across Saratoga Avenue. He walked at a normal speed. At the same time I saw a grey car that was also traveling west on Pitkin Avenue. The car began to make a left hand turn from Pitkin Avenue onto Saratoga. He was coming from behind the pedestrian as he began to make his left hand turn. He hit the pedestrian who was now walking across the southbound lanes of traffic. The pedestrian was about half way across the southbound lanes when the car turned from behind the view of the pedestrian. I did not hear the sounds of any horns or screeching tires before the car struck the pedestrian. The car was not going fast and stopped immediately after he struck the man. The man fell to the ground. He landed face down in the street.
(Id.)
The issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where, as here, the plaintiff also moved for summary judgment dismissing an affirmative defense alleging comparative negligence (see Cui v Hussain, 207 AD3d 788 [2d Dept 2022]; Kwok King Ng v West, 195 AD3d 1006 [2d Dept 2021]; Hai Ying Xiao v Martinez, 185 AD3d 1014 [2d Dept 2020]). A plaintiff struck while walking in a crosswalk establishes prima facie that she was not at fault in the happening of the accident by demonstrating that, exercising due care, she had confirmed that she had the pedestrian signal in her favor and checked in both directions for approaching vehicles before entering the crosswalk (see Cui v Hussain, 207 AD3d 788). The 1530 Pitkin Avenue video established that Plaintiff did not begin to cross Saratoga Avenue until the light changed in his favor, and this is confirmed by eyewitness McDowall. In the situation as it occurred, Plaintiff did not have to check to see if Driver was approaching because he was hit from behind, as attested to by eyewitness McDowall (see Shin v Ljulja, 219 AD3d 1238 [1st Dept 2023]; Quintavalle v Perez, 139 AD3d 182 [1st Dept 2016]). In fact, the video confirms that he was nearly across Saratoga Avenue when hit by Driver.
In any event, that he looked for vehicle is confirmed by his deposition testimony that he observed a vehicle stopped at a red light (see NYSCEF Doc No. 72, Munro trans at 50-51). Moreover, he "looked left, I looked right, I looked over my shoulders to make sure everything is clear. Even though I had the walk sign I still looked." (Id. at 52.)
Based on the foregoing, Plaintiff is also entitled to summary judgment striking the affirmative defenses of comparative negligence (first unnumbered affirmative defense) and assumption of the risk (third unnumbered affirmative defense) (see NYSCEF Doc No. 69, answer at 1-2). In any event, "The doctrine of primary assumption of the risk, which encompasses activities such as athletic competition, does not apply (see generally Custodi v Town of Amherst, 20 NY3d 83, 87 [2012]), nor does implied assumption of the risk apply" (Webb v Scharf, 191 AD3d 1353, 1355 [4th Dept 2021]; see supra at 3 n 2). "The motion court [*9]also erred in denying the portion of plaintiff's motion to dismiss defendant's twelfth affirmative defense for assumption of risk. The assumption of risk doctrine does not apply to situations such as this, where a pedestrian was struck by a vehicle while crossing the street at a crosswalk, while having the right of way (see generally Ashbourne v City of New York, 82 AD3d 461, 463 [1st Dept 2011])." (De Diaz v Klausner, 198 AD3d 475, 477 [1st Dept 2021.)

 VI. Conclusion
Accordingly, it is hereby ORDERED as follows:
(1) Plaintiff Bernard Finbar Munro's motion for leave to renew this Court's prior denial of his motion for summary judgment against Defendants Georgia M. Wright and Gionni Z. Wright on the issue of liability and to strike the affirmative defenses of comparative negligence and assumption of the risk is GRANTED.
(2) On renewal, Plaintiff Bernard Finbar Munro's motion for summary judgment against Defendants Georgia M. Wright and Gionni Z. Wright on the issue of liability and to strike the affirmative defenses of comparative negligence and assumption of the risk is GRANTED.
(3) Summary judgment on the issue of liability is awarded to Plaintiff Bernard Finbar Munro against Defendants Georgia M. Wright and Gionni Z. Wright.
(4) The affirmative defenses in Defendants Georgia M. Wright and Gionni Z. Wright's answer alleging comparative negligence (first unnumbered affirmative defense) and assumption of the risk (third unnumbered affirmative defense) are stricken.
E N T E R
HON. AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1:It is uncontested by Defendants that Defendant Georgia M. Wright owned the vehicle operated by Defendant Gionni Z. Wright which struck Plaintiff.
Footnote 2:"Since the adoption of a comparative negligence law in 1975 (see, CPLR 1411), assumption of risk is no longer a complete bar to recovery (see, Turcotte v Fell, 68 NY2d 432, 438), except in cases involving express assumption of risk (see, Arbegast v Board of Educ., 65 NY2d 161) or primary assumption of risk (see, Turcotte v Fell, supra). Pursuant to CPLR 1411, the culpable conduct of a plaintiff, including contributory negligence or assumption of risk, merely reduces the plaintiff's recovery in the proportion which his or her conduct bears to the defendant's culpable conduct. The doctrine of primary assumption of risk is applied in cases where there is an elevated risk of danger, typically sporting and entertainment events and activities (see, Turcotte v Fell, supra, at 438; Lamey v Foley, 188 AD2d 157, 163). 'Risks in this category are incidental to a relationship of free association between the defendant and the plaintiff in the sense that either party is perfectly free to engage in the activity or not as he wishes' (Turcotte v Fell, supra, at 438-439). The focus is both on the nature of the activity and the injured party's voluntary participation or entry into the area where the activity occurs. In such circumstances, where the risks are fully comprehended or obvious and the plaintiff has consented to them, the defendant has satisfied its only duty of care which is to make the conditions as safe as they appear to be (see, Turcotte v Fell, supra, at 438-439; Pascucci v Town of Oyster Bay, 186 AD2d 725, 726)." (Cohen v Heritage Motor Tours, 205 AD2d 105, 108 [2d Dept 1994].)