Farooq v Uber USA, LLC (2025 NY Slip Op 00949)

Farooq v Uber USA, LLC

2025 NY Slip Op 00949

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LOURDES M. VENTURA, JJ.

2023-06594
 (Index No. 501607/21)

[*1]Umar Farooq, appellant, 
v
Uber USA, LLC, et al., defendants, Bobirjon Zokirov, respondent.

The Lambrou Law Firm, P.C., New York, NY (Lucas Franken and Emiliano Perez of counsel), for appellant.
Baker, McEvoy & Moskovits (Marjorie E. Bornes, Freeport, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Robin S. Garson, J.), dated March 23, 2023. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability against the defendant Bobirjon Zokirov and dismissing that defendant's affirmative defense alleging comparative negligence.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the issue of liability against the defendant Bobirjon Zokirov and dismissing that defendant's affirmative defense alleging comparative negligence are granted.
In January 2021, the plaintiff commenced this action to recover damages for personal injuries that he alleged he sustained approximately two months earlier when a motor vehicle collided with him while he was walking across Avenue U in Brooklyn. According to the plaintiff, the defendant Bobirjon Zokirov (hereinafter the defendant), the owner and operator of the vehicle, was making a left turn from East 16th Street onto Avenue U at the time of the accident. In January 2023, the plaintiff moved, among other things, for summary judgment on the issue of liability against the defendant and dismissing the defendant's affirmative defense alleging comparative negligence. By order dated March 23, 2023, the Supreme Court, inter alia, denied those branches of the motion. The plaintiff appeals.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Shanyou Liu v Joerg, 223 AD3d 762, 763 [internal quotation marks omitted]). "To be entitled to summary judgment on the issue of a defendant's liability, a plaintiff does not bear the burden of establishing the absence of his or her own comparative negligence" (Xiuying Cui v Hussain, 207 AD3d 788, 789; see Rodriguez v City of New York, 31 NY3d 312, 317-325). "However, the issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where, as here, the plaintiff moved for summary judgment dismissing a defendant's affirmative defense alleging comparative [*2]negligence" (Dieubon v Moore, 229 AD3d 686, 687 [internal quotation marks omitted]).
"A violation of a standard of care imposed by the Vehicle and Traffic Law constitutes negligence per se" (Ali v Alam, 223 AD3d 642, 644 [alterations and internal quotation marks omitted]). As relevant here, "[a] driver who faces a green light has a duty to yield the right-of-way to pedestrians who are lawfully within a crosswalk in accordance with the standard of care imposed by Vehicle and Traffic Law § 1111(a)(1)" (Lieb v Jacobson, 202 AD3d 1072, 1073; see Callahan v Glennon, 193 AD3d 1029, 1030). "A driver also has a statutory duty" pursuant to Vehicle and Traffic Law § 1146 "to use due care to avoid colliding with pedestrians on the roadway, as well as a common-law duty to see that which he or she should have seen through the proper use of his or her senses" (Lieb v Jacobson, 202 AD3d at 1073 [citations, alterations, and internal quotation marks omitted]; see Khalil v Garcia-Olea, 222 AD3d 853, 854). Relatedly, "[a] pedestrian who has the right of way is entitled to anticipate that motorists will obey the traffic laws that require them to yield" (Huang v Franco, 149 AD3d 703, 703). "Nevertheless, a pedestrian who crosses in a crosswalk with the right-of-way may still be held comparatively negligent if he or she failed to notice an oncoming vehicle that could have been seen by the exercise of ordinary care" (Wray v Galella, 172 AD3d 1446, 1447).
Here, contrary to the defendant's contention, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability against the defendant and dismissing the defendant's affirmative defense alleging comparative negligence (see Binger Mei v Kim Wan Cheung, 215 AD3d 909, 910). In support of his motion, the plaintiff submitted, among other things, the transcripts of his own deposition testimony and of the defendant's deposition testimony. The plaintiff's deposition testimony "demonstrated that [he] was walking within a crosswalk with the pedestrian signal in [his] favor when [the defendant], who was attempting to make a left turn, failed to yield the right-of-way and struck [him]" (Hai Ying Xiao v Martinez, 185 AD3d 1014, 1015; see Jordon v Chan, 214 AD3d 774, 775-776). The plaintiff's deposition testimony was also sufficient to establish, prima facie, that he was not at fault in the happening of the accident, since he testified that the collision occurred suddenly and that, before crossing the roadway, he observed the pedestrian signal in his favor while also looking for oncoming traffic (see Binger Mei v Kim Wan Cheung, 215 AD3d at 910; Wray v Galella, 172 AD3d at 1448). Further, the defendant's deposition testimony confirmed that the plaintiff had the right-of-way and that the defendant "did not see the plaintiff in the crosswalk while making his turn" (Xiuying Cui v Hussain, 207 AD3d at 789; see Higashi v M & R Scarsdale Rest., LLC, 176 AD3d 788, 789). Contrary to the defendant's assertion, his deposition testimony that he did not see the plaintiff until the moment of impact did not create an inference under the circumstances presented that the plaintiff failed to use reasonable care while crossing the roadway (see Binger Mei v Kim Wan Cheung, 215 AD3d at 910; Higashi v M & R Scarsdale Rest., LLC, 176 AD3d at 789-790; Stanford v Dushey, 71 AD3d 988, 988).
In opposition to the plaintiff's prima facie showing, the defendant failed to raise a triable issue of fact as to his negligence or as to whether the plaintiff was comparatively at fault in the happening of the accident (see Hai Ying Xiao v Martinez, 185 AD3d at 1015; Wray v Galella, 172 AD3d at 1448).
Accordingly, the Supreme Court should have granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability against the defendant and dismissing the defendant's affirmative defense alleging comparative negligence.
DUFFY, J.P., MILLER, CHRISTOPHER and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court