Yentel v Lauer (2025 NY Slip Op 03840)

Yentel v Lauer

2025 NY Slip Op 03840

Decided on June 25, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2024-00533
 (Index No. 602962/20)

[*1]Yesenia Yentel, appellant, 
v
Michael J. Lauer, et al., respondents, et al., defendant.

Edelman, Krasin & Jaye, PLLC, Westbury, NY (Monica P. Becker of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (C. Stephen Hackeling, J.), dated December 15, 2023. The order denied the plaintiff's motion for summary judgment on the issue of liability against the defendants Michael J. Lauer and Federal Express Corporation and dismissing their affirmative defenses alleging comparative negligence.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability against the defendants Michael J. Lauer and Federal Express Corporation and dismissing their affirmative defenses alleging comparative negligence is granted.
The plaintiff commenced this action against the defendants Michael J. Lauer and Federal Express Corporation (hereinafter together the defendants), and another defendant, to recover damages for personal injuries she allegedly sustained when she was struck by the defendants' vehicle. The plaintiff moved for summary judgment on the issue of liability against the defendants and dismissing their affirmative defenses alleging comparative negligence. In an order dated December 15, 2023, the Supreme Court denied the motion. The plaintiff appeals.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034; see Rodriguez v City of New York, 31 NY3d 312, 324-325). "A plaintiff is no longer required to show freedom from comparative fault in establishing his or her prima facie case" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d at 1034; see Rodriguez v City of New York, 31 NY3d at 324-325). Nonetheless, the issue of a plaintiff's comparative negligence may be decided in the context of a motion for summary judgment where, as here, the plaintiff moves for summary judgment dismissing an affirmative defense alleging comparative negligence (see Kwok King Ng v West, 195 AD3d 1006, 1007; Hai Ying Xiao v Martinez, 185 AD3d 1014, 1014). "A pedestrian who has the right of way is entitled to anticipate that motorists will obey the traffic laws that require them to yield" (Huang v Franco, 149 AD3d 703, 703).
Here, the plaintiff established her prima facie entitlement to judgment as a matter of [*2]law on the issue of liability by submitting, inter alia, transcripts of the deposition testimony of the plaintiff and Lauer, which demonstrated that the plaintiff was walking within a marked crosswalk when Lauer failed to yield the right-of-way while attempting to make a right turn on a red signal and struck the plaintiff (see Festagallo v Mandelbaum, 213 AD3d 741, 742; Maliakel v Morio, 185 AD3d 1018, 1019; Wray v Galella, 172 AD3d 1446, 1448). The plaintiff's deposition testimony was also sufficient to establish, prima facie, that she was not at fault in the happening of the accident, as it demonstrated that she exercised due care by confirming that the defendants' vehicle was controlled by a red light and had stopped before she entered the crosswalk, and that the collision occurred so suddenly that she could not avoid it (cf. Batista v Alvarez, 225 AD3d 734, 735-736; Maliakel v Morio, 185 AD3d at 1019; Wray v Galella, 172 AD3d at 1448). In opposition, the defendants failed to raise a triable issue of fact as to Lauer's negligence or whether the plaintiff was comparatively at fault in the happening of the accident (see Binger Mei v Kim Wan Cheung, 215 AD3d 909, 910; Wray v Galella, 172 AD3d at 1447; see generally Zuckerman v City of New York, 49 NY2d 557, 562).
Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability against the defendants and dismissing their affirmative defenses alleging comparative negligence.
CONNOLLY, J.P., MILLER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court